MARTIN McDONOUGH *et al.*, Appellants, v. FRANK ROB-
BENS, Respondent.

St. Louis Court of Appeals, January 2, 1895.

1. **Threatened Nuisance** : INJUNCTION.    Intended acts will not be
   enjoined on the ground that a nuisance will ensue, unless they will
   necessarily result in such nuisance.

2. ———: ———: PLEADING.    In a petition for such injunction the facts
   should be stated, so that the court may see and determine therefrom
   the consequences of the acts sought to be enjoined; a mere general
   averment, that results constituting a nuisance will follow, is not
   sufficient.    Accordingly, when a proposed dairy is complained of, the
   intended method of conducting it should be stated.

*Appeal from the St. Louis City Circuit Court.*—HON.
DANIEL DILLON, Judge.

AFFIRMED.

*Leverett Bell* for appellants.

The demurrer below should have been overruled.
*Cleveland v. Gas Co.*, 20 N. J. Eq. 201; *Ross v. Butler*,
19 N. J. Eq. 294; *Ryan v. Copes*, 73 Am. Dec., note on
pp. 114 and 115; 2 Wood on Nuisances, p. 1171, sec.
797; p. 1174, sec. 799; p. 1185, sec. 804.

*Stone & Slevin* for respondent.

A dairy is not a nuisance *per se*, but a legitimate business and one that can be so conducted as not to constitute a nuisance. It is not conducted or pursued as a mere licensed privilege, but as a matter of right and, like any other legitimate business or trade, limited by the rule *sic utere tuo ut alienum non lædas.* *City v. Schnuckelberg*, 7 Mo. App. 537; *Flint v. Russell*, 5 Dill. 151. A court of equity will not interfere, when the injury or business complained of is not *per se* a nuisance, but may or may not become so according to circumstances, and when it is doubtful, uncertain, indefinite or contingent, or productive of only possible injury. High on Injunctions, secs. 748, 752; *Richard's Appeal*, 57 Pa. St. 105; *President, etc. v. Moore*, 34 Wis. 450; *Major v. Thorne*, 7 Paige, 261; *Village, etc., v. McFarlan*, 33 Mich. 72; *Adams v. Michael*, 36 Md. 123; *Laughlin v. Lamar*, 6 Ind. 223; *Dunning v. Aurora*, 40 Ill. 481; *Duncan v. Hays*, 7 C. E. Green, 25; Wood on Nuisances, secs. 796, 797. Where, from the nature of the business asked to be restrained, it is impossible for the court to know until such business is in operation, whether it will or will not constitute a nuisance, the writ will be refused. High on Injunctions, secs. 743 and 744; *Gilbert v. Showerman*, 23 Mich. 448; *Cleveland v. Citizens Gaslight Co.*, 5 C. E. Green, 201.

. BOND, J.—Plaintiffs filed the following petition:

"Plaintiffs state that they are the owners of, and heretofore have been and now, are with their respective families, in the actual occupation of the dwelling houses and residential premises in the city of St. Louis and state of Missouri, located as follows: The residence of Martin McDonough is at number 3030 Magnolia avenue, the residence of Gottlieb Windt is at number 3135

Magnolia avenue, and the residence of A. R. Milantz is at 3131 Magnolia avenue; that all of said dwelling houses were built and inhabited by these respective plaintiffs long before the happening of the matters hereinafter stated; that the defendant is the owner of a piece of property on the northwest corner of Magnolia avenue and Minnesota avenue, when the latter is opened. Said premises are in city block 1430, having a front of fifty feet on Magnolia avenue, by a depth northwardly of one hundred and sixty-two feet, and said premises are numbered 3109 Magnolia avenue, and are in the immediate neighborhood of the several residences of the said plaintiffs hereinabove described; that the defendant proposes and threatens to establish a dairy on his property, and is now engaged in erecting buildings and improvements therefor on said property; that by the erection and operation of said dairy the said defendant, by reason of the noxious and disagreeable odors and gases necessarily engendered in said operation, and by the unbearable stench caused by the accumulation of animal and vegetable substances in decay, would poison the air in the neighborhood by unwholesome vapor emanating from the dairy itself, and the decaying materials on hand, distributed through the yards and houses of these plaintiffs, depreciating their said property in value, endangering their health, destroying their enjoyment of fresh air and the comforts of a home, and rendering plaintiffs' dwelling houses uninhabitable; that there are no sewers adjacent to the property of defendant, nor can any connections be made between his proposed dairy and a sewer, and the operation of a dairy without a sewer connection will cause the formation of cess-pools and receptacles of filth on the surface of the earth on said premises, which will breed contagious sickness and death to the inmates of plaintiffs' houses aforesaid."

Said petition contains further allegations not relied on as grounds for relief, and therefore not set out, and concludes with a prayer for injunction against the establishment and operation of a dairy by defendant and for general relief.   Defendant demurred on the ground that the petition fails to state a cause of action. The demurrer was sustained by the court, and, plaintiffs declining to plead further, final judgment was rendered against them from which this appeal is taken. The only question for review is the sufficiency of the allegations of the petition, *supra*, to entitle plaintiffs to relief.

That courts of equity are clothed with jurisdiction to restrain private nuisances, when the injury can not be compensated in damages, is familiar law.   In the assertion of this jurisdiction, however, they do not interfere when the act complained of is not *per se* a nuisance, or the statements of the petition are not such as to enable the court to see and determine that a nuisance must result.   1 High on Injunction, section 743; 2 Wood on Nuisance, section 797.   This doctrine has been aptly expressed in a well considered case, where it sought to prevent the erection or a felt-roofing factory in the vicinity of a valuable dwelling house, and where the relief was denied because the bill did not contain a full and specific statement of facts showing that a nuisance must result.   The court said:

"The granting of injunctions on applications of this character involves the exercise of a most delicate power, and the court is always reluctant to act, except in cases where the right is clear and unquestioned, and the facts show an urgent necessity.   The general rule is that an injunction will only be granted to restrain an actual existing nuisance; but where it can be plainly seen that acts which, when completed, will certainly constitute or result in a grievous nuisance, or where a party

threatens, or begins to do, or insists upon his right to do, certain acts, the court will interfere, though no nuisance may have been actually committed, if the circumstances of the case enable the court to form an opinion as to the illegality of the acts complained of, and the irreparable injury which will ensue." *Adams v. Michael*, 38 Md. 129.

This rule must govern the case at bar. The petition, *supra*, alleges that defendant is about to establish a dairy. As this is not a nuisance *per se*, it becomes necessary to ascertain whether the petition alleges facts showing that it will *necessarily* become one. The only two allegations of the petition, which can be considered for this purpose, are the statement, *first*, in substance, that defendant will poison the air of the neighborhood because his dairy, when erected, will engender noxious gases and "unbearable stench" by the accumulation of animal and vegetable substances in decay; *secondly*, that there are no sewers adjacent to defendant's property, and that a dairy operated without a sewer connection will breed contagious diseases.

The first allegation is the mere statement by the pleader of a particular consequence, which will follow (in his opinion) the erection of the dairy. As there is no presumption of law that such results come from the use of dairies, it was indispensable for the pleader to set up as a fact the proposed methods of defendant in conducting his dairy, so that the court could "see and determine" that it must become a nuisance. This the petition wholly fails to charge. The general allegation above must, therefore, be held insufficient under the principles of law above stated.

As to the second averment *supra*, it may be true, as stated by the pleader, that dairies operated without a sewer connection would breed contagious diseases, but *non constat* that defendant will operate his dairy,

Gamasche v. Smythe.

when completed, without securing such a connection. The petition does not so charge; neither does the law presume that he will so act. On the contrary it will be presumed, in the absence of any other showing, that he will take proper care in this respect when the dairy is ready for use.

For the foregoing reasons the trial court did not err in sustaining the demurrer to plaintiff's petition. That decision will not, however, preclude the plaintiff from relief in the event the dairy, when erected thereafter, shall be so conducted as to become a nuisance. The result is that the judgment of the trial court will be affirmed. All concur.

