ANNA D. B. CASKEY et vir, Respondents, v. SAMUEL E. EDWARDS, Superintendent, etc., and MARY E. VEACH, Appellants.

Kansas City Court of Appeals, January 6, 1908.

1. **NUISANCES: Livery Stables.** Livery stables are not *per se* nuisances.

2. **INJUNCTION: Nuisances: Livery Stables: Criminal Procedure.** While an equity court cannot assume criminal functions nor a chancellor be made to serve in the duties of a criminal judge, yet where the unlawful act is of a particular and irreparable injury to an individual who has no other adequate remedy, injunction will prevent it.

3. **————: ————: ————: Ordinances: Repairs: Pleading.** A city ordinance forbade the building of a livery stable within a given distance of a residence. *Held*, while the ordinance did not render unlawful a livery stable that existed within the given bounds nor prevented the repair thereof, yet under the pretense of repairs a new building of larger dimensions and increased

capacity cannot be erected, and if on the pleading and the evidence a case of special injury to the complainant is made out, injunction will prevent such erection.

4. ——: ——: ——: ——: ——; ——. While the filing of an answer may by general implication seem to admit that sufficient is stated in the petition to require the forming of an issue thereon, yet if in fact no cause of action is stated, an answer will not prevent its being taken advantage of in other ways than by demurrer.

5. ——: ——: ——: **Threatened Injury.** While an injunction will not be granted to allay fears and apprehensions, yet if it be shown that a reasonable ground to apprehend the erection of a nuisance exists, a court of equity will interfere, since the reasons for preventing a prescribed nuisance are as cogent as those for abating a present evil; and a complainant is not required to wait until some harm has been experienced.

Appeal from Jackson Circuit Court. —*Hon. Thomas J. Scehorn,* Judge.

AFFIRMED.

*C. W. Chase & Louis H. Hatfield* for appellant.

(1) A livery stable is not a nuisance *per se.* St. Louis v. Russell, 116 Mo. 248. (2) That plaintiffs have an adequate remedy at law if a nuisance should at any time be created in the conducting and carrying on of a stable. City Charter, sec. 3, art. III, page 22; Real Estate Co. v. St. Louis, 169 Mo. 227. (3) Before equity will grant injunctive relief it must appear that the injury or wrong is real or imminent — if it has not already begun. Mere apprehension, fear, belief, prospect, possibility, or contingency is not sufficient. Kerr on Injunctions (1 Ed.), star pp, 198, 339; Bispham on Equity (5 Ed.), sec. 440; 2 Beach on Injunction, sec. 1301; Brookline v. Mackintosh, 133 Mass. 215; New York Aqueduct Board v. Passaic, 46 N. J. Eq. 552; Hutchison v. Delano, 46 Kan. 346; 1 Beach on Injunctions, secs. 17, 1301; 1 High on Injunctions (3 Ed.), sec. 886; Story, Equity Jur. (13 Ed.), sec. 924, p. 226. (4) No grounds

for equitable relief stated. (5) No equity in bill. St. Louis v. Dorr, 136 Mo. 370; Shiras v. Olinger, 50 Iowa 571; Flint v. Russell, 5 Dillon (U. S.) 151. (6) No special damages over others in community. Warren v. Cavanaugh, 33 Mo. App. 108; McClosky v. Kreeling, 75 Cal. 511; Baker v. McDaniel, 178 Mo. 477.

*Moore, Handy & Kimbrell* for respondents.

(1) The defendant, Edwards, failed to appeal from the judgment of the court against him, and it is now a finality. (2) The evidence was ample to sustain the judgment against the demurrer of defendant Veach. (3) The answer of defendant Veach shows no ground for equitable relief. (4) The defendant, Veach, pleads section 200 of the building ordinances of Kansas City, and is bound by it. Knoop v. Kelsey, 102 Mo. 291-8; Lenox v. Harrison, 88 Mo. 491; Dalton v. Poplar Bluff, 173 Mo. 39; Lumber Co. v. Nickey, 101 Mo. App. 20; Johnson v. Railway, 104 Mo. App. 588. (5) Equity will restrain municipal officers when assuming authority in excess of their powers. High on Injunctions (4 Ed.), sec. 1247; Hill v. St. Louis, 159 Mo. 159; Knapp v. Kansas City, 48 Mo. App. 485; Coal Co. v. St. Louis, 130 Mo. 327; Schlitz v. Superior City, 117 Wis. 267; Blanc v. Murray, La. 162-166.

ELLISON, J.—This is a proceeding in equity to restrain the granting of a permit to build a livery stable. The proceeding was begun against the superintendent of buildings for Kansas City. Afterwards the defendant Veatch, who applied to the superintendent for permission to build the stable, came into court, was made a party defendant and filed her answer. The finding and decree of the trial court were for the plaintiffs, and defendant, the superintendent, did not appeal, but defendant Veatch brought the case here.

It appears that there is an ordinance for Kansas

City prohibiting the location, erection or construction of a livery stable within two hundred feet of a residence and also an ordinance directing that no permit shall be issued for the building of any such stable so located. It also appears that defendant Veatch, before the passage of the ordinance and for a long time, has had a livery stable on a lot of hers which was within two hundred feet of the residences of plaintiffs. But the matter of which plaintiffs complain is that she now purposes building a new structure, greatly enlarged so that it would be of more than twice the size and cover more than twice the area of the original. Defendant claims that having the right to maintain the original, she has a right to erect and construct the one proposed, and she bases this claim on the right to repair.

While a structure existing within certain limits when the ordinance prescribing the limits is passed, such as frame buildings within fire limits and livery stables within prescribed limits, may be repaired after the ordinance is passed, yet it must strike any one that substantially a new building cannot be erected under the pretense of repair. An ordinance of the nature we are considering cannot be nullified by subterfuge or evasion any more than any other law. The structure now in existence is comparatively of small consequence compared to that which is proposed. It now is back from the street and it is proposed to dig new foundations and basements upon which will be constructed, according to detailed plans and specifications of an architect, a building of large proportions and one which will house more than double the number of animals and store more than double the number of vehicles. We have no hesitation in declaring the purpose not to be repair but to be a new structure within the meaning of the ordinance. As justifying this conclusion we will state that while the present structure is thirty-four feet wide and ninety feet long, the proposed structure is to be made, under the guise of re-

pair, sixty feet wide by one hundred and thirty-four feet long.

The chief question argued is whether an injunction can be had as a remedy for the evil of which complaint is made. Livery stables are said not to be nuisances *per se.* St. Louis v. Russell, 116 Mo. 248. And defendant contends that only nuisances *per se* can be prevented by injunctive process, but they are, as is shown by that case, such character of undesirable and hurtful institutions as may be kept at such distance from residences as to greatly lessen, if not destroy, their offensiveness. Defendant in concession to such well recognized law, says that may be true, but that such law cannot be enforced by injunction and cites authority to the effect that equity cannot be turned into a criminal department and the chancellor made to serve in the duties of the judge of the criminal court. That is a general statement of sound law. In Rice v. Jefferson, 50 Mo. App. 464, in an opinion by GILL, J., and on rehearing, by SMITH, P. J., that principle of law was stated in positive terms. That was a case where it was sought to restrain the erection of a frame building within the fire limits as established by ordinance. The party complained of had been arrested and tried and found not guilty. The case seems to have been an attempt simply to enforce a city ordinance by the civil process of injunction.

But that and other like cases did not involve a private right for the enforcement of which there was no adequate remedy at law. In law one citizen is no more interested in seeing criminal statutes enforced than another. Stated differently, all citizens are alike interested in the enforcement of law. But where an unlawful act is of special and particular irreparable hurt to an individual and he has no other adequate remedy, he may have injunction to prevent it. [Bank v. Sarlls, 129 Ind. 201.] In this case the act of erecting the proposed stable

is not only unlawful but it will work irreparable injury to these plaintiffs. It is alleged and shown that the proposed structure would greatly and specially injure the value of the property of the plaintiffs' and that unhealthy odors and noxious vapors would inevitably arise and specially destroy the comfort and health of their homes. It was shown that the small and original structure now kept by defendant is offensive and hurtful to the comfort of the neighboring inhabitants, and no less annoyance would result from the new one.

Speaking in general terms, it is said that nuisances *per se* may be enjoined in civil process. But if the harmful act is special to the complainant and works irreparable injury to him, the fact of its not being what is known as a nuisance *per se* ought not to cut him off from relief. There is no reason in such attempted distinction. If the injury is "special in character and not merely greater in degree than that of the general public" injunction may be had. [Baker v. McDaniel, 178 Mo. 447; Closkey v. Kreeling, 76 Cal. 511.] When the nuisance is made out by proof there can be no reason for not restraining it. [2 Wood on Nuisances, sec. 594.] It may be stated, in short, that though the matter complained of is not a nuisance *per se* but is proved to be a nuisance in fact, as herein explained, it may be prevented by injunction, on a petition which clearly and specifically alleges facts which will clearly show to the court that the matter complained of will be a nuisance, specifying why it will be.

Defendant insists that the petition is insufficient and cites us to the cases of Whitfield v. Carrollton, 50 Mo. App. 98; McDonough v. Robbens, 60 Mo. App. 156, and Holke v. Herman, 87 Mo. App. 125. In the first and second of these cases there was a demurrer to the petition and it was held to be well taken for the reason that the petition was too general in its allegations. In the last case, there was no demurrer, and the objection, as

in this case, was taken by objection to any evidence under the petition. That mode of practice is not favored by the courts. While an objection that a cause of action is not stated is not waived by failing to demur, yet it may be said, in general terms, that when the defendant answers the plaintiff's petition, he admits by implication, that a case has been sufficiently stated to call for an answer by him taking issue therewith. But, as just stated, if facts sufficient to state a cause of action are not set forth, an answer will not prevent one from taking advantage of the defect in other ways. In the last above case the St. Louis Court of Appeals thought the case, which concerned the proposed construction of a pond of water near plaintiff's residence, was not stated with such particularity as to constitute a cause of action. But the court was so impressed with the real merit of plaintiff's complaint that it refused to dismiss the bill and remanded the cause that it might be amended. In that case, so far as appeared from the petition, there was no ordinance against the maintenance of a pond in the neighborhood of a residence and it was stated that "pools of water in grounds or gardens near houses are sometimes regarded as refreshing and healthy," and a pond was not "inevitably nor probably harmful, nor even annoying to those in its vicinity." It is there said, without quoting the exact language, that ponds may be sweetened and freshened by recurring inflows of pure water and thereby be a source of pleasure and health, not to say advantage to residents and their property; but no such suggestion would occur to any one as to a livery stable within fifty feet of a private house and which was declared to be unlawful by ordinance of the city if within two hundred feet of such residence. The case of Holke v. Herman is an instructive one and though cited by defendant it will be found to entirely overthrow much of her theory of the law applicable to the case. The result of full application of defendant's theory would be to

disallow the remedy of injunction in cases where the nuisance has not been already set up and is merely threatened. It is true that courts will "not grant an injunction to allay the fears and apprehensions of individuals." But if it is shown that there is reasonable ground to apprehend the erection of the nuisance, that the defendant threatens it and has the power to commit it, the writ will be issued. [Lester v. St. Louis, 169 Mo. 227.] And so it is stated in Holke v. Herman, supra, that if it appears with reasonable certainty that the health and comfort of the complainants will be impaired by the threatened act, injunction will prevent it; the court saying that "The reasons for preventing a prospective mischief are at least as cogent as those for abating a present one. In the latter instance the courts act more readily because they are sure of their ground; the evil is visible. But the call for protection against an apprehended injury, reasonably certain to befall, is as imperative as that for relief from one now felt. Nor is the complainant required to wait until some harm has been experienced or to show with absolute certainty it will occur. One requirement would make the remedy largely useless and the other impracticable. [Miley v. O'Hearn, 18 S. W. (Ky.) 529.] While perhaps proof that it is inevitable or will necessarily ensue may be properly demanded, when nothing more than discomfort is anticipated, when danger to health or life is threatened, a reasonable certainty is enough. [Wood on Nuisances, sec. 100.] A party does not have to stand by until his family have sickened or died."

In our opinion the decree of the trial court was manifestly right and it is affirmed. All concur.