Mason v. Deitering.

---

MASON et al., Defendants in Error, v. DEITERING et al., Plaintiffs in Error.

**St. Louis Court of Appeals, May 26, 1908.**

1. **INJUNCTION: Municipal Ordinance: Special Injuries.** A court of equity will not restrain the violation of a city ordinance on the suit of a private individual where such individual will suffer no special injury from the violation of the ordinance other than that suffered by the community at large.

2. **NUISANCE: Livery Stable.** A livery stable is not a nuisance *per se.*

3. **INJUNCTION: Municipal Ordinance: Nuisance.** In an action to enjoin the erection and maintenance of a livery stable where the petition alleged, not only that it was contrary to the ordinances of the municipality wherein it was intended that it should be erected, but facts to show that its maintenance would depreciate the value of the plaintiffs' property in the immediate neighborhood and destroy the comfort of the homes and endanger their health and comfort, it stated a cause of action.

4. **————: ————: ————: Threatened Injury.** Where in such case the allegations of the injury threatened stated facts which showed with reasonable certainty the nuisance would ensue and the health of the plaintiffs would be endangered, the bill was not open to the objection that the threatened injury averred was nothing more than predictions, conclusions and expressions of opinion.

Error to the St. Louis City Circuit Court.—*Hon. Wm. M. Kinsey,* Judge.

AFFIRMED.

*Stern & Haberman* and *George H. Moore* for plaintiffs in error.

(1) A stable is not a nuisance *per se.* City v. Russell, 116 Mo. 259; State v. Beattie, 16 Mo. App. 141; Flint v. Russell, 5 Dill. 151. (2) Where the thing complained of is not a nuisance *per se,* and the allegations of the bill are denied, the preliminary injunction must be dissolved on motion to that end. Mygatt v. Gotchins, 20 Ga. 350; Chambers v. Cramer (W. Va.), 54 L. R. A. 547. (3) The bill stated no cause of action. (a) Because equity has no jurisdiction to restrain a contingent or eventual nuisance. High on Injunctions, sec. 742; 14 Enc. P. & P., 1128; State v. Beattie, 16 Mo. App. 141; Hough v. Doylestown (Pa.), 4 Brews. 333; Flood v. Consumers Co., 105 Ill. App. 559; Alexander v. Tebeau, 71 S. W. 427; Marrs v. Fiddler (Ky.), 69 S. W. 953; Albany Church v. Wilborn (Ky.), 66 S. W. 285; Pope v. Bridgewater (W. Va.), 43 S. W. 87; Duncan v. Hayes, 23 N. J. E. 25; Fisher v. Lakeside Co., 4 Oh. N. P. 329. (b) Because the erection of a building can not be enjoined where the use of the building is alleged to be the eventual or contingent nuisance. High on Injunctions, sec. 743; 14 Enc. P. & P., 1129; VanDeVere v. Kansas City, 107 Mo. 92; Dalton v. Railroad, 144 Ind. 121, 43 I. V. E. 130; City v. Rolling, 24 Oh. Cir. Ct. 82; Kirkman v. Handy, 11 Humph. 406; St. James Church v. Arrington, 36 Ala. 546; Keiser v. Lovett, 85 Ind. 240; Mayor v. Smyth (N. H.), 10 Atl. 700. (c) Because equity has no jurisdiction to enjoin the violation of an ordinance, unless the unperformed act complained of as violating the ordinance is a nuisance *per se.* Rice v. Jefferson, 50 Mo. App. 467; Warren v. Cavanaugh, 33 Mo. App. 107; State v. Uhrig, 14 Mo. App. 413; King v. Hamill (Md.), 54 Atl. 625; Sheldon v. Weeks, 51 Ill. App. 314; Gallagher v. Flury (Md.), 57 Atl. 672; Hagarty v. McGovern, 187 Mass. 479, 73 N. E. 536.

(4)    The injunction should have been denied.    (a) Equity cannot restrain unperformed acts where their effects are controverted.    Lester v. City, 169 Mo. 234; West v. Ponca, 79 P. 5 100.    (b)    There can be no injunction unless apprehended results are not merely speculative, but certain to ensue.    Holke v. Herman, 87 Mo. App. 141; McDonough v. Robbens, 60 Mo. App. 159; Windfall v. Patterson, 148 Ind. 414, 37 L. R. A. 38; Atty.-Gen. v. Steward, 20 N. Y. 415; sec. 574, Rev. Ord., St. Louis; Harrison v. Brooks, 20 Ga. 537.    (c) And though the apprehended results are certain, they must with certainty amount to more than mere offense to taste.    Wade v. Miller (Mass.), 69 L. R. A. 820, 73 N. E. 849; Gossett v. Railroad (Tenn.), 1 L. R. A. (N. S.) 111; Pfingst v. Senn (Ky.), 21 L. R. A. 569; Dunning v. City, 40 Ill. App. 481.

*Brownrigg, O'Brien & Mason* for defendants in error.

(1)    Even if it be true that a livery stable is not a nuisance *per se*, yet, if facts are alleged in a petition concerning a proposed livery stable setting forth its location with reference to the homes of the plaintiffs, its size, all the details of its construction, the location of its manure pit, the material of which its floors and stalls and the runways leading from the different floors are to be constructed, the manner of its proposed use and operation, the number of horses to be stabled therein; and if it is alleged as an issuable fact that the stomach of the horse and its excretions are the natural habitat of certain dangerous disease germs and that the dust and hairs necessarily set afloat in the air where a large number of horses congregate and are kept tend to spread and disseminate disease germs, and if there are other specific allegations of fact set forth in the petition, from all of which it appears that the erection of the structure and the carrying on the business as proposed will with reasonable probability endanger the health or mater-

ially interfere with the comfort of the plaintiffs occupying the adjoining premises, then such petition states facts sufficient to constitute a cause of action, and to justify equitable relief by injunction.   Caskey v. Edwards, 128 Mo. 237, 107 S. W. 37; Holkea v. Herman, 87 Mo. App. 141; Hickory v. Railroad (N. C.), 53 S. E. 955; Bangs v. Dvorak (Neb.), 106 N. W. 780; Bank v. Sarlis, 129 Ind. 201; Griswold v. Brega, 160 Ill. 490. (2)   Inasmuch as it appears from the allegations of the petition that the proposed business, in addition to being specially injurious to plaintiffs, is unlawful, and that it is proposed to carry it on in violation of a valid ordinance, such allegation is an additional ground sufficient to justify, if true, the granting of injunctive relief.   Bangs v. Dvorak (Neb.), 106 N. W. 780; Hill v. City of St. Louis, 159 Mo. 159.   (3)   Inasmuch as the allegations of the petition showed that the structure in question was designed and adapted solely for the operation of a business which was unlawful and likely to constitute a nuisance, a case was stated which, if true, not only justified the court in enjoining the carrying on of the business but also justified the injunction against the erection of the structure.   Attorney-General v. Blount (N. C.), 4 Hawk 384; Kaufman v. Stine (Ind.), 37 N. E. 333; Cline v. Kirkbride, 22 Ohio Cir. Ct. 527; Filson v. Crawford, 5 N. Y. Supp. 883; Coker v. Birge, 9 Ga. 425; Coker v. Birge, 10 Ga. 336; Cleveland v. Gas Co., 20 N. J. Eq. 201; Wolcott v. Mellick, 11 N. J. Eq. 204; Miley v. Ahearn (Ky.), 18 S. W. 529.   (4)   The noises, odors and the menace to comfort and health likely to result from the construction and operation of the stable described in the petition, constitute a nuisance.   United States v. Luce, 141 Fed. 408; Aldrich v. Howard, 7 R. I. 87; Dargam v. Waddill, 9 Ired. 242.

NORTONI, J.—This is a suit in equity.    Plaintiffs sought and obtained injunctive relief against defendants, restraining them from erecting a livery stable, and defendants appeal.    There are no abstracts whatever on file in this court and we are therefore precluded from examining the merits of the controversy. In these circumstances, it becomes our duty to examine the bill only to ascertain whether or not it is sufficient to support the judgment.

The bill is an extended document.    It would incumber the opinion to incorporate it in full.  When viewed from the present standpoint, after judgment given in affirmance of its allegations, it appears therefrom substantially that the several plaintiffs own residences in city block No. 3902 in the city of St. Louis; that the defendant Smith, city building commissioner, is about to issue to the other defendants a permit to do so, and the other defendants are about to erect a livery stable in said block within distances ranging from thirty to two hundred feet of the residences of the several plaintiffs, and this too, in violation of an ordinance of such city.    The ordinance forbids erecting and maintaining a livery stable on any lot of ground in St. Louis unless permission so to do is first obtained from the municipal assembly by a proper ordinance in that behalf.    It is averred that the plans and specifications for the contemplated stable are on file with the building commissioner, from which it appears the proposed building is to be a large three-story brick structure, seventy-six feet long and seventy-five feet wide and having floors of a hard substance, with numerous windows and apertures on the sides thereof adjacent to the residences of the several plaintiffs; that it contemplated the keeping of sixty or seventy horses therein; that it will contain a large manure pit on the first floor, in which large quantities of manure will accumulate, which is to be emptied by shovelling the contents thereof through

an opening into wagons in an alley immediately adjacent to property of the plaintiffs; that certain gutters along and adjacent to the rows of stalls for the sixty or seventy hourses are to be constructed therein, which gutters are proposed to be frequently flushed with water so that the contents thereof will escape through traps located at the north end of the building; that numerous hostlers and stable-boys will be engaged thereabout, driving the sixty or seventy horses and vehicles over floors made of a hard substance, in and out, both by day and by night, thereby causing loud noises, etc.; that one of the principal means of ingress and egress thereto is through an alley paved with vitrified brick and immediately adjacent to the property of the plaintiffs, the passing over which occasions loud noises.    It is further averred that the operation of such a stable with such a number of horses gives rise to and breeds the germs of various diseases which are dangerous to mankind, and likely to occasion disease and death; that the stomach of a horse is the natural habitat of the germ of lock-jaw and that the germs of such disease always exists in such quantities in places where horses are kept, as to greatly endanger the lives and health of persons in the vicinity thereof; that horses and their excretions and discharges give out and cause injurious and offensive gases which are revolting and deleterious to the health of persons; that the dust and hairs necessarily incident to the operation of such a stable are active and dangerous agencies for the spreading of diseases, and otherwise a means of continuous discomfort; that such stable and horses attract flies and other insects in large numbers which are also active agents for the spreading and transmission of disease, as well as a source of annoyance otherwise; that horses are subject to the glanders and other diseases, which are communicable to human beings by the agencies above mentioned, and are very injurious and ofttimes fatal, and that horses inhabiting such a

stable frequently cause loud and unseemly noises by stamping and kicking, as well as by going in and out therefrom. It is further alleged that the second and third stories of such stable are to be provided with wooden floors for the storage of vehicles; that said stories are to be reached by a wooden incline over which, and the floors of such stories, carriages and heavy wheeled vehicles will be hauled, causing noise, etc.; that odious fumes and noxious gases constantly escape from stables of like kind, and will from such stable, detrimental to the health and comfort of persons residing near the same; that the residences of several of the plaintiffs are provided with living, and some of them, dining rooms, containing windows and doors adjacent to such stable, through which such fumes, gases, odors and noises will constantly be communicated to them; that for many months of the year it is essential to the comfort and health of themselves and their families that such windows and doors shall remain open; that the matters and things complained of will specially depreciate the property of the plaintiffs, impair the health of themselves and their families and destroy the comfort of their homes to the extent of operating a permanent and continuing nuisance for which an adequate compensation cannot be had; that they therefore have no adequate remedy at law; wherefore, it is prayed that the building commissioner be enjoined from issuing a permit for the erection and maintenance of the stable mentioned, and that defendants be permanently restrained from erecting and maintaining the same in violation of the ordinance of the city of St. Louis and the private rights of the plaintiffs.

The first argument advanced against the sufficiency of the bill is to the effect that equity will not lend its aid for the mere purpose of enforcing a city ordinance. Indeed it is true, where there is no special injury of a private nature to the plaintiff other than that suffered

by the community at large, that equity declines to interfere.     If it appeared from the allegations of the bill that no private rights were infringed upon in this instance, as contradistinguished from the rights of the public at large, it would be proper to adjudge that no cause of action is stated therein, for the reason the proceeding seeks equity to enforce an ordinance of the city prohibiting the erection and maintenance of a livery stable without first obtaining the consent of the municipal assembly thereto, and thus assume the discharge of a public function rather than enforce a private right. Authorities to this effect are numerous and rest upon sound fundamental principle.     The cases cited by plaintiffs in error are of that class.     [Rice v. Jefferson, 50 Mo. App. 464; Warren v. Cavanaugh, 33 Mo. App. 102; First Natl. Bank v. Sarlls, 129 Ind. 201; Wood on Nuisances, sec. 796a.]

It is very true a livery stable is not *prima facie* a nuisance; that is to say, it is not a nuisance *per se.* The proposition has been determined many times. [City of St. Louis v. Russell, 116 Mo. 248, 22 S. W. 470; Flint v. Russell, 5 Dillon (U. S. C. C.) 151; Wood on Nuisances, sec. 594.]     Counsel for plaintiffs in error argue from this fact that the bill states no cause of action for the reason it appears therefrom that equitable relief is sought to restrain the erection and maintenance of a structure lawful in itself.     Indeed, if the bill showed so much and nothing more, the argument would be sound.     But such is not the case.     Special and peculiar injury to plaintiffs' rights and property are set forth with great precision.     The case presented by competent averment is one where the defendants are about to commit an unlawful act; that is, erect and maintain a livery stable in violation of the terms of the ordinance pleaded, and the forbidden act about to be committed is averred to be a special, particular and

irreparable injury to the rights of the plaintiffs, in depreciating the value of their property, destroying the comfort of their homes and endangering the health and life of themselves and their families.   No principle in our jurisprudence is more firmly established than that in such circumstances, where the plaintiffs have no adequate remedy at law, equity will interpose its preventative relief to the end of restraining the threatened injury.   The fact that the structure is not a nuisance *per se*, is wholly immaterial. The matter with which the court concerns itself in cases of this class and the available principle of equity arising from the justice inherent in the exigencies of the situation is that one person will not be permitted to exercise even lawful dominion over his own in a particular place or manner to the great detriment, high discomfort and imminent danger to the property and rights of others, unless it be in exceptional-cases where laches or some other equally sound equity forbids the relief.   The right to enjoin a livery stable under the circumstances of this case has been frequently determined and is beyond question.   The following authorities are in point:   Caskey v. Edwards, 128 Mo. App. 237, 107 S. W. 37; First Natl. Bank v. Sarlls, etc., 129 Ind. 201; Coker v. Birge, 9 Ga. 425; s. c., 10 Ga. 336; The Deaconess Home, etc., v. Bontjes, 104 Ill. App. 484; Aldrich v. Howard, 7 R. I. 87; Miley v. Ahearn (Ky.), 18 S. W. 529; Adams v. Michael, 38 Md. 123; Wood on Nuisances, 594, 595, 596.

It is argued that the bill is devoid of averment of substantial facts showing the plaintiffs to be prima-facie entitled to the relief prayed.   It is insisted the bill consists of nothing more than predictions, conclusions and the expression of opinion, and the argument is that in order to authorize a court to award injunction against mere threatened injury, when the case is other than nuisance *per se,* the averments of facts must be so specific as to show that the matters and things com-

plained of are *certain* to ensue or will *necessarily* fol-
low.   The case of McDonough v. Robbens, 60 Mo. App.
156, is relied upon in support of the argument advanced.
There is a distinction with respect to the view point
in that case and this.   There the sufficiency of the bill
was questioned by demurrer.   Here, the attack is made
after judgment.   Reasonable inferences in favor of
the pleadings are indulged when questioned by demur-
rer.   All intendments go in aid of the pleadings when
the attack is after judgment, and   inferences   which
might possibly not be allowed on demurrer are fre-
quently indulged after judgment.   However this may
be, so much of the doctrine asserted in the case men-
tioned as indicates that the averments of the bill for
injunctive relief against a threatened injury, must show
that the apprehended injury will necessarily follow,
protrudes slightly beyond the line of conservative ad-
judication on the subject, as clearly appears from an
examination of the authorities.   The opinion in that
case should be disapproved in that respect.   Its doc-
trine does not entirely comport with the later case of
Holke v. Herman, 87 Mo. App. 125, and in view of the
later adjudication, it must be treated as modified at
least.   The rule in such matters, where the complaint
predicates upon a violation of private rights, is to the
effect the bill must state such facts with reference to
the object of the complaint as to show to a reasonable
certainty the nuisance will ensue.   And especially is
this true in those cases where health or life is threat-
ened thereby.   In other words, such facts and circum-
stances should be stated in the bill as will enable the
court to form an intelligent opinion for itself as to
whether or not the acts complained of, if established,
would amount to a nuisance and irreparable injury
ensue.   Of course, if there be a doubt arising from the
averments, it will be resolved against the sufficiency of
the bill for the reason the courts proceed with great

delicacy in cases where the injury is only threatened instead of the nuisance established. The following authorities sustain the doctrine thus stated: Holke v. Herman, 87 Mo. App. 125; Adams v. Michael, 38 Md. 123; Caskey v. Edwards, 128 Mo. App. 237, 107 S. W. 37; Coker v. Birge, 9 Ga. 425; s. c. 10 Ga. 336, 340; Wood on Nuisances, secs. 796, 797, 798 and cases cited in note; Wood on Nuisances, sec. 100; 14 Ency. Pl. & Pr., 1144; Miley v. Ahearn (Ky.), 18 S. W. 529. After judgment, it is to be presumed that every material allegation of the bill was established by the proof, otherwise the judgment in affirmance thereof would not have been given by the chancellor. This being true, we would be justified in dismissing the subject now under consideration without further comment thereon, for it is obvious there are sufficient facts alleged in the bill when once established, to sustain the injunction. It is certain the averments to the effect the defendants were about to erect a livery stable three stories high, seventy-six feet long and seventy-five feet wide, wherein were to be kept sixty or seventy horses, and the other facts incidental to the operation of such an institution, together with the facts respecting the emission of noxious gases and odors, the inviting and breeding of insects, the origin of disease germs, resultant contamination, etc., all within the range of from thirty to two hundred feet of homes occupied by plaintiffs in a residence district and in violation of an ordinance of the city, are sufficient for the court to form an opinion of its own that a nuisance would result to a reasonable certainty, if not necessarily so. The bill is not only sufficient after judgment but would certainly be sustained on demurrer.

The judgment will be affirmed. It is so ordered. *Bland, P. J.,* and *Goode, J.,* concur.