**IFORD et al. v. NICKEL. (No. 7884.)**

Court of Civil Appeals of Texas. San Antonio. Jan. 11, 1928.

1. Nuisance ⪢5—Owner can use his land so long as use does not impair use of property of others.

Owner of land has right to the use of his property so long as such use does not impair or destroy the use of others in their property.

2. Nuisance ⪢3(1)—Automobile tourist camp is not nuisance as matter of law.

Automobile tourist camp in city or town is not a nuisance as a matter of law.

3. Nuisance ⪢5—Owner's lawful use of land cannot be enjoined.

Lawful use of land by owner cannot be enjoined.

4. Nuisance ⪢8—Person choosing home on busy thoroughfare is not entitled to peace and quiet found on side street.

Person who chooses a home on a busy thoroughfare is not entitled to the peace and quiet existing in suburbs, on side street, or on a farm, since noise incident to lawful trade or business will not ordinarily be enjoined as nuisance, unless ill-timed or unusual in locality, and causing discomfort to persons not supersensitive.

5. Nuisance ⪢4—Smells arising from business will not be enjoined as nuisance, unless substantial.

Smells arising from prosecution of business will not be enjoined as nuisance, unless they are substantial, and not dependent on fanciful taste or vivid imagination.

6. Nuisance ⪢4—Erection of business houses will not be enjoined because they will be æsthetically objectionable.

Erection of business houses will not be enjoined on ground that they will be æsthetically objectionable to persons passing along the public highway or to those living in nearby houses.

7. Nuisance ⪢32—Petition held insufficient to show automobile tourist camp would be nuisance.

Petition for injunction against erection of automobile tourist camp in residence district of town, alleging that tourist camp would create filth and obnoxious odors, breed disease-spreading insects, and cause loud and unseemly noises, but not showing that these things would inevitably result, *held* insufficient to show that camp would be a nuisance.

8. Property ⪢1—Property consists, not merely in ownership and possession, but also in unrestricted use, enjoyment, and disposal.

Property in a thing consists, not merely in its ownership and possession, but also in the unrestricted right of use, enjoyment, and disposal.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Property.]

9. Nuisance ⪢32—Petition to enjoin nuisance must be plain and clear, and will not be extended by construction, especially where injury is only threatened.

Petition to enjoin use and enjoyment of property as nuisance must be so plain and clear as to be beyond criticism or dispute, and its allegations will not be extended by construction, especially in cases where injury is only threatened, and not existing.

10. Nuisance ⪢33—It will not be presumed that automobile tourist camp will be nuisance.

It will not be presumed by court that automobile tourist camp will be so conducted as to render it a nuisance.

11. Nuisance ⪢32—Prayer to enjoin use of property for automobile tourist camp as nuisance controlled nature of relief.

Prayer for injunction against erecting buildings or shacks for use as automobile tourist camp, or for using property for purpose of constructing such camp, as distinguished from improper conduct of tourist camp business, *held* to control nature of relief which might be granted.

12. Nuisance ⪢19—Erection of buildings for automobile tourist camp will not be enjoined, unless proposed business must inevitably cause nuisance.

Erection of buildings or shacks for automobile tourist camp will not be enjoined, unless proposed automobile tourist business must inevitably create a nuisance.

Appeal from District Court, Hidalgo County; J. E. Leslie, Judge.

Suit for injunction by D. W. Iford and others against Dean O. Nickel. From a judgment of dismissal, plaintiffs appeal. Affirmed.

---

⪢For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Cameron & Epperson, of Edinburg, for appellants.

Strickland & Ewers and J. Q. Henry, all of Mission, for appellee.

FLY, C. J. This is an application for an injunction filed by D. W. Iford, R. C. Waters, Joe Daney, Harold Lehman, F. E. Smith, T. O. Garrett, and N. V. Sidener, property owners in Weslaco, Hidalgo county, to prevent the erection of certain structures by Dean O. Nickel, appellee, to be used by him as an "automobile tourist camp," in a residence portion of the town, where appellants reside and have their homes. It was alleged that the appellee was about to erect a "number of unsightly, cheaply constructed, small shacks, buildings, or shelters in which it is purported by him to house such tourists and other travelers who should happen to see fit to stop in such tourist camp; that, further, in connection with said tourist camp, plaintiffs are informed, and upon information and belief charge, that defendant is about to erect certain outhouses, kitchens, and garbage receptacles for the use of those who should happen to stop and remain at said camp." It was also alleged that the camp was about to be located in "the most desirable and exclusive residence portions of the said city of Weslaco"; that the erection of the structures would materially decrease the value of the property of appellants, and increase hazard from fire; that the sight of them would give an unfavorable opinion of the place to those passing through, into, or out of Weslaco, and that the "use of said buildings on said lot 5, as a tourist camp, will create filth and obnoxious odors, and will be calculated to, and will of necessity, breed innumerable flies, mosquitoes, and other disease spreading and obnoxious insects and vermin, and will be calculated to cause and spread disease." It was also alleged that there would "be the making of loud and unseemly noises by those who occupy the said camp houses." The court sustained a general demurrer to the petition.

[1-3] There is an allegation in the petition that considerable numbers of tourists or others will visit the camp, both day and night, and that they would produce noises that would necessarily disturb the peace of adjacent owners of property, and the whole petition is based upon an improper use of the premises until the prayer is reached. If a camp can be conducted in such a manner as not to produce such noises as would destroy the rest and comfort of adjoining property owners, or if a camp can be conducted so as not to "create filth and obnoxious odors," and so as not to "breed innumerable flies, mosquitoes" and other insects, then the camp is not a nuisance per se which can be abated without evidence as to its use. Undoubtedly the citizen has the right to the use of his property so long as that use does not impair or destroy the use of others in their property. It cannot be held as a matter of law that a camp for the use of travelers by automobile is a nuisance. The use of land for the purpose of a camp in a city or town is a lawful use, and may be exercised without thereby creating a nuisance. The lawful use of property cannot be enjoined. The petition is based upon anticipation that appellee will not use his property and conduct it in a lawful and proper manner. It proceeds upon the assumption that the lawful business of a tourist automobile camp cannot or will not be conducted in a lawful manner. The allegations do not show that it cannot be so conducted as not to emit noxious or disagreeable odors, or so as not to create extraordinary and disturbing noises, or so as not to create a breeding place for insects. In other words, it does not show that the things prophesied are the necessary adjuncts of the business, without which it cannot be conducted. The injunction is aimed at a lawful business, and, unless it cannot be conducted so as not to invade the rights of property owners in the vicinity, its erection cannot be restrained upon the assumption that it will be used in such a manner as to create a nuisance.

[4, 5] In this case it was alleged that the tourist camp fronts on a public highway, "being the main public road through the city of Weslaco, and which extends through the entire county of Hidalgo," and it is the reasonable inference that automobiles are constantly passing along this highway night and day, and constantly making the same noises that automobiles would make in entering and leaving the camp. We refer to this as showing that the noise made by automobiles on the highway could not, and would not, be added to by the automobiles at the camp. The matter of locality has much to do with whether such acts constitute a nuisance or not. If the hundreds of automobiles undoubtedly constantly using the main artery of travel through one of the richest rapidly growing and prosperous counties in Texas, with all the roar of wheels, open exhausts, and tooting horns, which run the gamut of sounds which automobiles are capable of producing, do not disturb the slumbers of appellants, the automobiles about the camp would not increase the noise to any appreciable extent. A man choosing a home on a busy thoroughfare has no claim to the peace and quiet of one in the suburbs on a side street but little used and frequented, or in the peaceful home on a farm. Joyce, Inj. § 1098, and footnote citations. As said by Mr. Joyce:

"Noise incident to lawful trade or business will not ordinarily be enjoined as a nuisance unless it is ill-timed or unusual in the locality

where it occurs and causes discomfort to persons not supersensitive to noise."

And so with smells arising from the prosecution of a business; they must be substantial, and not those dependent on a fanciful taste or vivid imagination.

The fearful noises from whatever source they may rise, which is left uncertain, and noxious and revolting smells and odors, must necessarily be imaginary and prophetic, for they are yet to come into being, and do not naturally and necessarily arise from a legal and proper prosecution of the business of a tourist camp.

It is not alleged that the buildings which appellee intended to erect were of a class prohibited by law, and there is no allegation showing how fire hazards would be increased by the erection of the buildings. It is not alleged that the structures will be built of wood or any combustible material, and that allegation cannot be read into the petition with all intendments indulged in its favor.

[6] Of course, an injunction will not lie to prevent the erection of business houses that may be distasteful to æsthetic individuals passing along the public highway. No citizen can be restrained from building a structure condemned by the fastidious taste of other people, whether passing along the sidewalks, or riding by in limousines, sedans, or even humble Fords, or living in nearby houses. De gustibus non disputandum est.

[7, 8] The petition fails to show by its allegations that equity can be invoked to deprive appellee of the natural right not only of owning, but of using and enjoying, his property. As so well said by Chief Justice Phillips in Spann v. City of Dallas, 111 Tex. 350, 235 S. W. 513, 19 A. L. R. 1387:

"Property in a thing consists not merely in its ownership and possession, but in the unrestricted right of use, enjoyment and disposal. Anything which destroys any of these elements of property, to that extent destroys the property itself. The substantial value of property lies in its use. If the right of use be denied, the value of the property is annihilated and ownership is rendered a barren right."

[9] The sacred right of the use and enjoyment of property cannot be taken or destroyed in a court of equity without pleadings so plain and clear as to be beyond criticism or dispute, followed by unimpeachable testimony. A court of equity will not extend allegation by construction, and this is peculiarly true in cases where the injury is only threatened, instead of an established nuisance. Joyce, Inj. § 1103; Mason v. Deitering, 132 Mo. App. 26, 111 S. W. 862. As said in that case:

"The rule in such matters, where the complaint predicates upon a violation of private rights, is to the effect the bill must state such facts with reference to the object of the complaint as to show to a reasonable certainty the nuisance will ensue and especially is this true

1 S.W. (2d)—48

in those cases where health or life is threatened thereby. In other words, such facts and circumstances should be stated in the bill as will enable the court to form an intelligent opinion for itself as to whether or not the acts complained of, if established, would amount to a nuisance and irreparable injury ensue. Of course, if there be a doubt arising from the averments, it will be resolved against the sufficiency of the bill for the reason the courts proceed with great delicacy in cases where the injury is only threatened instead of the nuisance established."

[10] The injury in the case before this court is one purely and entirely of threatened injury, predicated on facts and circumstances not yet in existence, and which the pleadings fail to show will in probability ever exist. The predicted evils are not necessarily appurtenant to, and inevitably connected with, the conduct of the business had in view, and there is no allegation tending to show that appellee is a man whose character renders it probable that he will so conduct the business as to render it a nuisance. It is a lawful business that can be decently conducted, and it will not be presumed that it will be conducted otherwise.

[11, 12] In cases in which it is entirely apparent, so as not to be changed by denial, that the business cannot be conducted without causing a nuisance to the occupants of adjoining property, an injunction may be granted before the nuisance is actually created, as in the case of slaughter houses, soap factories, and discharging sewerage into a stream. Joyce on Injunctions, §§ 1071, 1072. In this case the writ of injunction is sought, not to prevent the use of the property in such a way as to create a nuisance, but the prayer is that appellee be restrained "from erecting or placing upon said lot 5, in said Harding and Gill subdivision in said city of Weslaco, any buildings or shacks for use as a tourist camp, or from using said lot for the purpose of constructing or erecting a tourist camp." The injunction is not sought to prevent the business being conducted in a way to disturb the peace and comfort of adjoining property owners, but to prevent appellee from erecting any kind of buildings on his property, if he contemplates a use of them for an automobile camp. The writ is sought against the business, and not against an improper conduct of the business. The suit is founded on an assumption that a tourist camp, no matter how conducted, should not be permitted to exist in an "exclusive" residence district. It would have been subversive of property rights and grossly inequitable to have granted such a prayer. The prayer controlled the nature of the relief, and the latter could not be changed so as to cover relief not prayed for. Appellee denied any intention to use his property in any manner that would disturb appellants. An injunction will not granted to restrain the erection

of houses, unless the proposed business therein must inevitably cause a nuisance. Joyce, Inj. § 1070, and footnotes.

The court properly sustained a general demurrer to the petition, and dismissed the cause. The judgment is affirmed.