## Commonwealth v. Amos

*William B. McClenachan, Jr.*, district attorney, and *Albert Blumberg*, assistant district attorney, for Commonwealth.

*Basil C. Clare*, for defendant.

ERVIN, J., December 19, 1941.—

### History

Defendant was convicted before a justice of the peace on September 16, 1941, on a charge of violating the provisions of ordinance no. 132 of the Township of Tinicum. This ordinance, which was enacted by the Board of Commissioners of Tinicum Township on June 2, 1941, provides in section 2:

"It is hereby declared to be necessary for the health and safety of the Township of Tinicum to prohibit any

person or persons from parking or locating any trailer which is or can be used for living quarters on any lot, property or street within the limits of the Township of Tinicum, or to maintain or use any trailer camp or tourist camp within the township, and the same is hereby prohibited and made unlawful."

After conviction and payment of the fine and costs imposed upon him, defendant presented a petition to the court of quarter sessions praying for the allowance of an appeal from the said conviction, and on September 20, 1941, such appeal was allowed.

At the hearing on this appeal held December 4, 1941, evidence was presented from which it appeared that defendant, in the spring of 1941, located his trailer on a certain lot or piece of land in the Township of Tinicum. Since that time defendant has continuously maintained his trailer at such location and has used it as his living quarters. There is no running water or other water supply connected with the trailer and there are no toilet facilities on the premises.

Written briefs have been presented by the attorneys for both sides but the matter has not been orally argued.

### Question involved

The real question raised by the appeal is the constitutionality of the ordinance, defendant claiming that it is so unreasonable and arbitrary as to amount to an unlawful deprivation of liberty or property, without due process of law, in violation of the Fourteenth Amendment of the Constitution of the United States.

### Discussion

Section 1 of the ordinance is aimed specifically at gypsies and is not involved in this appeal. Section 3 of the ordinance prohibits the renting and leasing of land for trailer purposes and is not involved in this appeal. Section 2 of the ordinance, which appears in the history of this case, and which prohibits the parking or

locating of any trailer which is or can be used for living quarters on any lot, property, or street within the limits of the township, is the provision of the ordinance involved in this appeal. The appellee also complains of the failure of the court to admit evidence as to general conditions existing within the township. This latter question will not be discussed for the reason that the court is of the opinion that section 2 of the ordinance must be declared invalid.

No case has been cited to the court in either brief wherein an absolute prohibition such as this has been sustained. This ordinance does not attempt to regulate trailers and trailer camps but arbitrarily and absolutely prohibits the parking or locating of a trailer upon any lot, property, or street within the entire limits of the township. An ordinance which attempts to prohibit parking of a trailer on any streets of the township, notwithstanding the fact that a license is obtained from the State which permits the normal operation of trailers upon such public highways, is an arbitrary and unreasonable exercise of power. An ordinance which attempts to prohibit the parking of a trailer upon a lot, irrespective of the time involved in such parking, is also unreasonable and arbitrary.

In Spitler v. Town of Munster et al., 115 A. L. R. 1395, 14 N. E. (2d) 579 (1938), a municipal ordinance which provided that no person should remain a resident of a tourist camp for a period of more than 30 days and that sleeping rooms should contain 500 cubic feet of space for each person housed was held to be a reasonable regulation.

In Miller v. Quigg, 87 Fla. 462, 100 So. 270 (1924), the court sustained regulation of tent cities which, among other things, provided, where such tent cities were located on a street in which there was a public sewer, that they should be provided with water closets connected with the public sewer in the ratio of one for each sex for each five tents, and one slop sink for each five tents or portion thereof.

In York Harbor Village Corp. v. Libby et al., 126 Me. 537, a statute which authorized villages to restrict public camping grounds to certain zones and provided that camping grounds maintained contrary to the provisions should be a nuisance was held to be valid.

In Cady v. City of Detroit, 289 Mich. 499, 286 N. W. 805 (1939), an ordinance of the City of Detroit, which prohibited the parking of trailers in any camp for an accumulated period of more than 90 days in any 12-month period, was sustained. The ordinance was specifically aimed at occupied trailers and not those which were unoccupied.

In People ex rel. Grommon v. Hedgcock, 106 Col. 300, 104 P. (2d) 607, it was held that the denial of a permit for the construction in a "B" business district of the City of Denver of a bungalow court, consisting of a central building with heating plant surrounded by 16 apartments available to permanent tenants and to transients, was arbitrary and unreasonable.

In Iford et al. v. Nickel (Ct. of Civil App. of Tex. (1928)), 1 S. W. (2d) 751, an injunction to prevent the erection of certain structures to be used as an automobile tourist camp in a residential portion of the town was disallowed. The court there held that a tourist camp is not a nuisance per se. The court said that the allegations did not show that a tourist camp cannot be so conducted as not to constitute a nuisance.

For the reasons above stated the court feels obligated to declare section 2 of ordinance no. 132 of the Township of Tinicum to be invalid, as an arbitrary exercise of the police power.

This opinion is not to be construed as expressing a view that any and all regulations of trailers and trailer camps will be declared invalid. On the contrary, any municipal regulation of trailers and trailer camps which reasonably promotes the health, morals, safety, or general welfare of the community will undoubtedly be sustained.

*Decree*

And now, December 19, 1941, the testimony having been taken at hearing held in the above matter on December 4, 1941, and written briefs having been presented to the court on December 12, 1941, it is ordered, adjudged, and decreed:

1. That defendant, Harry E. Amos, is not guilty.

2. That the fine and costs paid to George R. Bottomley, justice of the peace, be repaid to Harry E. Amos forthwith.

3. That any costs involved in the appeal be paid by the Township of Tinicum.