### HALL v. CARTER.

(Court of Civil Appeals of Texas. Austin. May 7, 1913. Rehearing Denied June 4, 1913.)

1. NUISANCE (§ 32*)—PLEADING AND PROOF.

Where, in a suit to enjoin a nuisance and for damages, the court granted an injunction and awarded damages for discomfort only, the admission of evidence of depreciation in the market value of plaintiff's property on account of the nuisance was not erroneous; plaintiff praying for damages for depreciation in the market value in the event that the injunction was refused.

[Ed. Note.—For other cases, see Nuisance, Cent. Dig. §§ 77–83; Dec. Dig. § 32.*]

2. NUISANCE (§ 3*) — PRIVATE NUISANCE — LIVERY STABLES.

While a livery stable is not a nuisance per se, it may be so conducted as to become injurious to the health or comfort of adjoining property owners and abated on account thereof.

[Ed. Note.—For other cases, see Nuisance, Cent. Dig. §§ 4, 5, 9–25; Dec. Dig. § 3.*]

3. NUISANCE (§ 3*) — PRIVATE NUISANCES — WHAT ARE.

In determining whether a lawful business is a nuisance, locality must be considered; for a business proper in a business neighborhood may be a nuisance when carried on in a residential district.

[Ed. Note.—For other cases, see Nuisance, Cent. Dig. §§ 4, 5, 9–25; Dec. Dig. § 3.*]

4. NUISANCE (§ 33*) — PRIVATE NUISANCE — LIVERY STABLES.

Evidence held to support a finding that a livery stable was a private nuisance justifying equitable relief and damages for temporary discomfort.

[Ed. Note.—For other cases, see Nuisance, Cent. Dig. §§ 84–89; Dec. Dig. § 33.*]

Appeal from District Court, San Saba County; Clarence Martin, Judge.

Action by J. A. Carter against J. M. Hall. From a judgment for plaintiff, defendant appeals. Affirmed.

Faver & Allison, of San Saba, for appellant. G. A. Walters, of San Saba, for appellee.

RICE, J. This suit was brought by appellee against appellant to enjoin him from conducting a livery stable so near his residence as to constitute a nuisance, and for actual damages for impairment in value thereof, for temporary discomfort, and for exemplary damages. Appellant pleaded general denial. A trial before the court without a jury resulted in a judgment in favor of appellee, awarding him $75 damages for temporary discomfort, and a permanent injunction.

The evidence shows that prior to this controversy the parties hereto were neighbors, engaged in business in Richland Springs and living on adjoining lots. Appellant, who had been conducting his business in a different portion of the town, was compelled, on account of the expiration of his lease, to remove his stable; and, when it was ascertained that he contemplated locating it on his lot adjoining appellee's residence, the latter undertook to dissuade him from doing so, offering to aid him in getting another location, and protested against the location of the stable near his residence, finally threatening suit if appellant persisted in doing so. Notwithstanding this objection and proffered aid to secure another location, appellant, disregarding both, erected the stable on his own lot adjacent to appellee's dwelling and some 33 feet therefrom. The building was about 35 or 40 feet wide by about 80 feet long, in which appellant kept his vehicles and livery horses. The stable fronted on the same street with appellee's residence. This was a public stable, and the evidence shows that it was so conducted as to be offensive and disagreeable to appellee and his family; that they were disturbed at night by the noises of the horses and the calls of customers, and annoyed by the dust and flies created thereby; that appellee's dining room, kitchen, and bedroom were so located as to be in full view of the stable and back lot thereof, and the droppings from the horses were frequently removed during meal times, to the annoyance and discomfort of the family. About a year before the erection of this stable, appellee had purchased this lot and established his home thereon, which was located in the principal residence portion of the town, some two blocks away from the business district.

[1] There was no error, we think, in the introduction of evidence going to show depreciation in the market value of appellee's property on account of the location of the stable adjacent thereto, for the reason that he only sought to recover such damages in the event that the injunction was refused, but prayed in the alternative that if the injunction be granted then he should recover damages only for personal discomfort occasioned by the nuisance up to the date of trial. The judgment of the court granted the injunction, but awarded damages merely for such personal discomfort. Therefore no error is shown.

462 SOUTHWESTERN REPORTER (Tex.

[2] The remaining assignments urge the insufficiency of the evidence to sustain the judgment. While a livery stable is not a nuisance per se, yet, if so conducted as to become harmful to the health or comfort of adjoining property owners, it will be held so, and abated on account thereof. Burditt v. Swenson, 17 Tex. 489, 67 Am. Dec. 665; Hockaday v. Wortham, 22 Tex. Civ. App. 419, 54 S. W. 1094; Dargan v. Waddill, 31 N. C. 244, 49 Am. Dec. 421; Coker v. Birge, 10 Ga. 336; Catlin v. Valentine, 9 Paige (N. Y.) 575, 38 Am. Dec. 567; Dry Goods Co. v. Reinman & Wolfort (Ark.) 143 S. W. 1089; 29 Cyc. p. 1182.

[3] Locality is to be considered in determining whether there is a nuisance, for what might be a nuisance in one locality might not be so in another. Thus, a business which might be perfectly proper in a business or manufacturing neighborhood, may be a nuisance when carried on in a residential district; and, conversely, a business which, with its incidents, might well be considered a nuisance in a residential portion of a city or village, may be proof against complaint where conducted in a business or manufacturing locality. 29 Cyc. 1157.

[4] The trial court, after a full consideration of the evidence, having seen fit to hold that the stable was so located, kept, and conducted as to be a nuisance, situated as it was in the residence portion of the town, we feel disinclined to disturb its finding; and, no error having been otherwise shown, its judgment is affirmed.

Affirmed.