**PARR v. DUNLAP et al.**
No. 10589.

Court of Civil Appeals of Texas. Dallas.
March 29, 1930.

E. M. Herndon, of Dallas, for appellant.

Robert L. Bobbitt, Atty. Gen., Sloan Blair, Asst. Atty. Gen., and Albert Sidney Johnson, of Dallas, for appellees.

VAUGHAN, J.

Appellant, W. A. Parr, filed this suit in the court below against appellees, John B. Dunlap, as Captain of Troop A and L. E. McGee as Colonel, of the 112th Cavalry Texas National Guard, alleging, in substance, that appellees as such officers were maintaining a troop of cavalry on a certain tract of land in the city of Dallas; that the maintenance of said troop in said place constituted a nuisance per se, and prayed that appellees be restrained from maintaining said troop at said place; or, in the alternative, that the court issue a mandatory injunction compelling appellees to remove said cavalry troop from said location. Appellees answered by a plea to jurisdiction and a plea in abatement, alleging that the suit was in effect against the state of Texas. From the judgment of the trial court sustaining said pleas, appellant duly prosecuted his appeal, and same is before us on the one question, namely, was appellant's suit against the state of Texas, which is to be determined upon the following agreed statement of facts:

"1. The defendant L. E. McGee is colonel and commanding officer of the 112th Cavalry of the National Guard of the State of Texas.

"2. The defendant John B. Dunlap is captain and commanding officer of Troop A, a unit and subdivision of said 112th Cavalry.

"3. Troop A is a unit of the National Guard of the State of Texas, said National Guard being officially named and designated as the Militia of the State of Texas.

"4. The said National Guard or Militia of the State of Texas is an arm of the government of the said state and an agency of and a part of the government of the said State, created and maintained under and by authority of the constitution and the laws of the said state, and existing for the military protection of this state and the United States.

"5. Dan Moody, Governor of the State of Texas, by virtue of being Governor, is made and constituted, by the constitution and the laws of this State, and he now is, commander in chief of the militia forces of the said State, including the 112th Cavalry and Troop A, units and component parts thereof.

"6. Robert L. Robertson is the duly appointed, qualified and acting adjutant general of the State of Texas, and as such is in command, subject only to the orders and direction of the Governor of this State, of the said militia and all subordinate units thereof, including Troop A of the 112th Cavalry. In such capacity and as such official, he is a sworn officer of the State of Texas.

"7. The said defendants, as officers of the National Guard of Texas, are subordinate to and under the command of the said Governor and the said adjutant general of the State of Texas, and can only act officially as officers of the said National Guard in the manner ordered and prescribed by authority of the said superior officers, and they are at all times, as such officers, subject to the control and direction of the said superior officers.

"8. The maintenance of said Troop A and all of its property, including the horses mentioned in the plaintiff's petition, at its present location, is by reason of legal orders properly issued by the said adjutant general, acting under the authority and direction of the Governor of the said State.

"9. The armory and drill field where said Troop A is located and now keeps its property belong in fee to one H. A. Strube, a resident of Dallas County, Texas. Said H. A. Strube leased said premises to the State of Texas and/or the adjutant general of the State of Texas under an agreement of lease executed on the first day of March, 1927, for the period of three years from the date thereof, for a rental consideration of $125.00 to be paid to the lessor for each and every month of the term of the said lease.

"10. The said lease was executed under the direction and orders of and with the approval of the adjutant general of the State of Texas, and the consideration of $125.00 per month during the term of the lease has been and is now being paid by the State of Texas out of appropriations legally and duly made by the Legislature of the State of Texas for the maintenance of armories and property of the National Guard of the said State.

"11. The United States government employs and pays the salary of three caretakers who maintain and guard the said armory and property of the State and of the United States.

"12. All of the military equipment, arms, supplies, horses and property of whatsoever nature situated on the said premises and used by Troop A in its military drill and training either belongs to the State of Texas or belongs to the United States of America and is being held and used by the State of Texas under the authority and regulations and with the consent of the Government of the United States of America.

"13. Neither of the defendants personally located the said Troop A or its property on the said premises, and neither personally has authority to locate, maintain or move the said Troop A or its property on or from the said premises. Furthermore, neither of the defendants personally has authority or power to drill or train the said troop or to stop or control the said troop from drilling or training on said premises.

"14. Neither of the said defendants personally owns any part of or interest in the said lease or property, especially the said horses, or has any control over or right to move or dispose of the same. Neither has the right, either personally or as officer of the National Guard, to move said property from the said premises without the authority and consent of the Adjutant General of the State of Texas and of the government of the United States of America.

"15. Each and every act complained of by the plaintiff in his original petition, if performed at all by either of the said defendants, was performed by the said defendant as an officer of the said National Guard and as an agent of the State of Texas, solely for and on behalf of the said National Guard and the State of Texas, and/or the government of the United States of America."

Appellant seeks to prosecute his appeal with effect on the following assignments of error: (a) The court erred in sustaining appellees' plea in bar and to the appellant's cause of action, on the ground that this is a suit against the state of Texas; (b) the court erred in sustaining appellees' plea in abatement, on the ground that the officers sued were merely subordinate officers.

In the agreed statement of facts it is admitted that the horses and other property used by said cavalry troop belonged to the state and federal governments. Section 32, title 32, c. 3, U. S. Code Anno., provides for the purchase of ammunition, etc., for the National Guard, and that all such property shall remain the property of the United States. Section 40, c. 3, title 32, Id., provides for the purchase of horses by the Secretary of War to be used by the National Guard, and section 42, c. 3, title 32, Id., provides for the care of such animals and equipment of all kinds furnished by the federal government for the Texas National Guard. The Texas National Guard is a part of the State Militia (article 5765, R. C. S. of Texas, 1925), and the regulation of the organization and maintenance of the Texas National Guard is fixed by the Governor (article 5781, Id.).

Appellant did not allege or prove that appellees were acting personally or without the scope of their authority, or that their conduct in keeping said horses was illegal or unlawful, but, to the contrary, allege that the acts and conduct of appellees complained of as grounds for the relief sought were committed in their official capacity as officers of the Texas National Guard. Appellant, as grounds for the relief sought, did not allege a trespass committed by appellees, either individually or as officers of the state of Texas, upon the property of appellant, or that appellees were in possession of or withholding individually or officially property owned by appellant, but by his allegations based his right to the relief sought on the ground that the

maintaining of the cavalry troop by appellees, not as individuals but as officers of the state government, without reference to the manner in which same was maintained, constituted a nuisance per se, and claims the right to have the relief sought, granted as against appellees, notwithstanding the property, the use of which is alleged to constitute the nuisance, is admittedly owned by and in the possession of the state and federal governments and lawfully in appellees' possession as officers of the state government and in which appellant claims no interest.

Under the admitted facts, the state and federal governments had both the title to and possession of the property, the use of which, although conducted in a lawful manner, was alleged to be a nuisance per se. This suit was not brought against the state of Texas by name, but against its officers and agents, through whom the state could only hold or use said property; therefore, in so far as appellant prayed for an injunction to abate the alleged nuisance, and in the alternative for a writ of mandamus compelling appellees to remove from said leased lot the horses and other equipment used by said cavalry troop, appellees having no individual rights in the controversy, the entire interest adverse to appellant was that of the state and federal governments, and against whose interest the decree, if rendered as sought by appellant, would exclusively operate.

Appellant sought to control appellees in their official capacity, in the exercise of their official duties as representatives and agents of the state of Texas, and thereby to defeat the use by the state of property owned and used by both the state and federal governments in the service of and for the benefit of the public; therefore the state of Texas was an indispensable party to enable the court, according to the rules which govern its procedure, to grant the relief sought, and that suit could not be maintained without violating the rules long affirmed in the following decisions: Hampton v. State Board of Florida, 90 Fla. 88, 105 So. 323, 42 A. L. R. 1456; Governor of Georgia v. Sundry African Slaves, 1 Pet. (26 U. S.) 110, 7 L. Ed. 73; Belknap v. Schild, 161 U. S. 10, 16 S. Ct. 443, 40 L. Ed. 599; International Postal Supply Co. v. Bruce, 194 U. S. 601, 24 S. Ct. 820, 48 L. Ed. 1134; Hopkins v. Clemson Agricultural College, 221 U. S. 636, 31 S. Ct. 654, 55 L. Ed. 890, 35 L. R. A. (N. S.) 243; Hans v. Louisiana, 134 U. S. 1, 10 S. Ct. 504, 33 L. Ed. 842; Fitts v. McGhee, 172 U. S. 526, 19 S. Ct. 269, 43 L. Ed. 535; Ex parte Ayers, 123 U. S. 443, 8 S. Ct. 164, 31 L. Ed. 216; Ex parte State of New York, 256 U. S. 490, 41 S. Ct. 588, 65 L. Ed. 1057; William Duhne v. State of New Jersey, 251 U. S. 311, 40 S. Ct. 154, 64 L. Ed. 280; Wells v. Roper, 246 U. S. 335, 38 S. Ct. 317, 62 L. Ed. 755; Herring v. Houston Nat. Exch. Bank, 113 Tex. 264, 253

S. W. 813; Hosner v. De Young, 1 Tex. 764; League v. De Young, 2 Tex. 497; Stephens. Comptroller, v. Texas & Pacific Ry. Co., 100 Tex. 177, 97 S. W. 309.

Bearing in mind the effect that would be accomplished and the interest upon which a decree sought by appellant would operate, the conclusion is necessarily reached that the interest of the state is so affirmatively involved as to constitute it an indispensable party, and therefore to be regarded as a party thereto as if named in appellant's petition. Appellant did not bring his suit, so that same would fall within any of the exceptions to the general rule that the state of Texas cannot be sued without its consent, or that its officers are not subject to the control of the courts respecting the performance of their official duties in a lawful manner.

It was not alleged by appellant that appellees had invaded his property or were withholding from him the possession of property to which he asserted title, or that appellees were guilty of any unlawful or illegal act in the use and possession of the horses in maintaining the cavalry troop. As to this appellant alleged the fact of such maintenance to constitute a nuisance per se. This position is untenable, the great weight of the authorities being that the keeping of horses or a livery stable is not a nuisance per se, in that, there is nothing within the act itself illegal or wrongful or unlawful, as a nuisance cannot result therefrom save and except from the manner in which a livery stable is maintained. Burditt v. Swenson, 17 Tex. 489, 67 Am. Dec. 665; Durfey v. Thalheimer et al., 85 Ark. 544, 109 S. W. 519; Hyden v. Terry (Ky.) 108 S. W. 241; Mason v. Deitering, 132 Mo. App. 26, 111 S. W. 862; Blass Dry Goods Co. v. Reinman & Wolfort, 102 Ark. 287, 143 S. W. 1087; Hall v. Carter (Tex. Civ. App.) 157 S. W. 461; Oehler v. Levy, 234 Ill. 595, 85 N. E. 271, 17 L. R. A. (N. S.) 1025, 14 Ann. Cas. 891.

The trial court did not err in sustaining said pleas, and its judgment is therefore in all things affirmed.

Affirmed.