FOURNET, Justice.
 

 Separate suits were filed against the Gulf Soap Corporation, one by ten alleged resident property owners and the other by the Borgnemouth Realty Company, Ltd., owner of a subdivision, to enjoin the defendant’s operation of a rendering plant in St. Bernard Parish on the banks of Lake Borgne (or Violet) Canal at Violet, Louisiana, on the ground that the same is a nuisance. The plaintiffs also seek to have the plant removed and to recover damages and attorney fees.
 

 
 *32
 
 The two suits were consolidated for trial and by agreement of counsel the case was submitted for decision on the merits at the same time and on the same evidence as it was submitted for a decision on the rule for the issuance of a preliminary injunction.
 

 There was judgment in favor of the plaintiffs declaring the defendant’s plant to be both a public and a private nuisance, perpetually enjoining and restraining the defendant, its agents, officers, and employees, from further using the plant, and ordering them to remove the same within 30 days, in default whereof the sheriff was ordered to remove the plant at the expense of the defendant. There was also judgment awarding $500 attorney fees and awarding to each of the ten alleged resident property owners the sum of $250 as damages.
 

 The defendant appealed suspensively from this judgment. Subsequently, the trial judge modified this judgment in some respects and changed the order of appeal to one of devolutive only and this court, in the exercise of its supervisory jurisdiction, set aside the action of the lower court and reinstated the suspensive appeal. See, Borgnemouth Realty Company, Ltd., et al. v. Gulf Soap Corporation, 211 La. 255, 29 So.2d 841.
 

 Both actions are based on the allegation that the defendant, by hauling the carcasses of animals to its rendering plant where they arrived at all hours of the day and night in various stages of decomposition, exuding unbearable odors, fouling and poisoning the atmosphere, attracting flies, and producing unsanitary conditions in and around the property of the plaintiffs, created a condition that has impaired and endangered the health and comfort of all those living there and has materially and substantially depreciated the value of the property belonging to them. The realty company alleged as an additional cause of action the injury sustained by it when fur bearing animals on its lands were destroyed by reason of the discharge into the adjacent canal of deleterious substances that eventually found their way into the marshes and swamps on the company’s lands. The individual plaintiffs ask for damages in the sum of $2,000 each and the company is seeking to recover damages in the amount of $10,000. They also ask for attorney fees.
 

 Answering the suits the defendant denied the basic allegations of the petitions and averred that its plant, formerly operated at Arabi, Louisiana, for a quarter of a century without disturbance, was only movéd to Violet during the war when the government appropriated its Arabi site. It admitted the new plant, erected at a cost of more than $100,000, did emit some odors, due largely to the company’s inability, because of war scarcities and labor difficulties, to secure proper machinery to suppress them, and due also to the company’s inability to secure the necessary
 
 *33
 
 railroad cars for the prompt removal of the bones that accumulated during the plant’s early operation at the new site because of wartime transportation difficulties, but it denied the odors emitted by the plant were unhygienic or injurious to health. The defendant further averred that it has never ceased its endeavors to devise a method of eliminating completely the odors emanating from the plant and that in fact the discomfort and unpleasantness occasioned by the accumulation of bones has recently been greatly alievated by the ease in transportation facilities and the company’s ability to now secure adequate railroad cars for their prompt removal.
 

 Since the appeal was lodged here, the defendant has filed a motion, supported by affidavits, wherein it is alleged that all of the nuisances originally complained of in these actions have been abated and the court is requested to remand the case to the lower court to have these facts established by the introduction of proper evidence, with the ultimate dismissal of the complaints.
 

 Under the express provisions of the Revised Civil Code, to be found in Chapter 3 of Title IV dealing with servitudes of land under the heading “Of Servitudes Imposed by Law,” it is provided that “The law imposes upon the proprietors various obligations toward one another, independent of all agreements; and those are the obligations which are prescribed in the following articles.” Article
 
 666.
 
 “Although a proprietor may do with his estate whatever he pleases, still he can not ma,ke any work on it, which may deprive his neighbor of the liberty of enjoying his own, or which may be the cause of any damage to him” (Article 667), other than inconvenience not amounting to real damage. Article 668. And “If the works or materials for any manufactory or other operation, cause an inconvenience to those in the same or in the neighboring houses, by diffusing smoke or
 
 nauseous
 
 smell, and there be no servitude established by which they are regulated, their sufferance must be determined by the rules of the police, or the customs of the place.” Article 669. (Italics ours.)
 

 As was pointed out in the recent decision of this court in the case of Devoke et al. v. Yazoo & M. V. R. Co., 211 La. 729, 30 So.2d 816, 819, “It is the universally accepted rule of law that ‘The owner of property has a right to conduct thereon any lawful business not per se a nuisance, as long as the business is so conducted that it will not unreasonably inconvenience a neighbor in the reasonable enjoyment of his property. But every business, however lawful, must ibe conducted with due regard to the rights of others, and no one has a right to erect and maintain a nuisance to the injury of his neighbor even in the pursuit of a lawful trade, or to conduct a business on his own land in such a way as will be injurious or offensive to those residing in the vicinity,’ ”
 
 *34
 
 quoting from 39 Am.Jur. 324, Section 43. See, also, the authorities cited in the Devoke case and in Moss v. Burke & Trotti, 198 La. 76, 3 So.2d 281.
 

 “From the point of view of their nature, nuisances are sometimes classified as nuisances per se or at law, and nuisances per accidens or in fact. A nuisance at law or a nuisance per se is an act, occupation, or structure which is a nuisance at all times and under any circumstances, regardless of location or surroundings. Nuisances in fact or per accidens are those which become nuisances by reason of circumstances and surroundings.” 46 C.J. 648, Section 5. See, also, 39 Am.Jur. 289, Section 11. As pointed out in the latter authority, “The difference 'between a nuisance per se and a nuisance in fact lies in the proof, not in the remedy. In the case of a nuisance per se, the thing becomes a nuisance as a matter of law. Its existence need only be proved in any locality, and the right to relief is established by averment and proof of the mere act. But whether a thing not a nuisance per se is a nuisance per accidens or in fact depends upon its location and surroundings, the manner of its conduct, or other circumstances. In such cases, proof of the act and its consequences is necessary. The act or thing complained of must be shown by evidence to be a nuisance under the law, and whether it is or is not a nuisance is generally a question of fact.”
 

 The business of rendering oils, fats, and other substances of a kindred character from animal matter is an inddsjpensable business for the manufacture of soap, so important to the maintenance of the hygiene and comforts of life, and to the manufacture of other products that are otherwise vital to our civilization. Such a business is neither prohibited nor regulated by an ordinance of the Police Jury of St. Bernard Parish and there is no state statute touching on the matter, unless the plant is operated in such a manner as to bring it within the hygienic and sanitary statutes of the state.
 

 The evidence does show that because of the condition of the plant and the method of its operation nauseous and offensive odors have been emitted from it, causing much discomfort to those residing in the neighborhood and unreasonably inconveniencing them in the reasonable enjoyment of their property, thus constituting a nuisance, and the plaintiffs are therefore entitled (1) to have the same abated, Tucker v. Vicksburg, S. & P. R. Co., 125 La. 689, 51 So. 689; McGee v. Yazoo & M. V. R. Co., 206 La. 121, 19 So. 2d 21, and (2) for such damages as are suffered by them up to the time of such abatement. See the Devoke and McGee cases.
 

 However, since it appears that the' defendant has been making every possible effort to remedy as many of the objectionable features of its operations as .it, could
 
 *35
 
 under existing conditions, both prior to and during the pendency of this action, and the defendant alleges in its motion filed here that all of the matters complained of have now been remedied, we think the interest of justice would be better served if the case were remanded to the lower court to allow proof of these allegations for, if they are true, the necessity for an injunction would 'be obviated.
 

 The defendant argues in brief that "there is not sufficient and definite proof to grant a definite award,” in this case and that the amount awarded to each of the ten individual plaintiffs should, therefore, be reversed.
 

 Under the express provisions of Paragraph 3 of Article 1934 of the Revised Civil Code the trial judge is vested with' discretion in the assessment of damages where no specific or exact computation of damages can be made, particularly where the injured party has been deprived of some convenience or other legal gratification, and the award of the trial judge in such a case will not be disturbed unless excessive or unsupported by the evidence. Watson v. Kennedy, 8 La.Ann. 280; Chataigne v. Bergeron, 10 La.Ann. 699; Williams v. Pelican Natural Gas Co., 187 La. 462, 175 So. 28; Angelloz v. Humble Oil & Refining Co., 196 La. 604, 199 So. 656; and McGee v. Yazoo & M. V. R. Co., supra.
 

 In the instant case the evidence does not support the allegation of the plaintiffs that their property, because of the nuisance created 'by the defendant, has depreciated in value. While we do not think the $250 awarded to each of the individual plaintiffs by the trial judge for the discomfort and inconvenience suffered by them was excessive, we are unable to maintain this award as to nine of the plaintiffs. The defendant denied in its answer that the plaintiffs are resident property owners in the immediate vicinity of the plant and that their health and comfort has been impaired. Only one of the plaintiffs, Celestine Melerine, Jr. — a Mrs. Alma Tapper testified stating she was a plaintiff but her name is not among those given as plaintiffs in the petition and it is not mentioned in the judgment — testified in this case and the claims of the plaintiffs who failed to appear and testify are not otherwise substantiated by the evidence. There is nothing to show that they are resident property owners or that they have been inconvenienced or otherwise damaged by the nuisance complained of. However, inasmuch as we are remanding the case for further proceedings on another aspect, we will not non-suit these plaintiffs but will remand the case as to them also in order that they may be afforded an opportunity to prove their claims.
 

 The realty company’s claim for damages having been denied by the trial judge and there having been no appeal taken from this judgment and no answer to the appeal filed in this court, this judgment is final and presents nothing for our review.
 

 
 *36
 
 Attorney fees are not a proper element .of damages in actions for injuries suffered as the result of a nuisance and we know of no law, and none has been cited by the plaintiffs, authorizing the granting of such' a fee. Consequently, the trial judge erred in awarding $500 attorney fees in this case.
 

 For the reasons assigned the judgment of the lower court in so far as it rejects the demand of the Borgnemouth Realty Company, Ltd., for damages and awards $250 to Celestine Melerine, Jr., with legal interest from November 21, 1946, and costs, is affirmed; in all other respects the judgment is annulled and set aside and the case is remanded to the lower court, there to be further proceeded with in accordance with law and the views herein expressed. Costs of this appeal are to be borne by the plaintiffs.