LOTTINGER, Judge.
This is a suit by C. B. Delaughter and Clyde Delaughter, doing business as Boga-lusa Dairy Products, against Dairy Farmers Local No. 278, its officers and members, and C. A. Stewart, wherein the plaintiffs seek to have a preliminary injunction issue restraining the defendant local from picketing the place of business of plaintiffs and doing other acts injurious to the plaintiffs, and to have a preliminary injunction issue restraining the defendant local and the defendant Stewart from operating under a certain contract which is alleged to be in restraint of trade and contrary to the monopoly laws of this state. Plaintiffs further prayed that, in due course, a permanent injunction issue in each instance. Defendants filed four exceptions as follows:
(1). Exception to the jurisdiction ra-tionae materiae.
(2). Exception of prematurity.
(3). Exception of no cause of action.
(4). Exception of no right of action.
The said four exceptions were referred to the merits by the lower court, and, after hearing on the issues involved, the lower court rendered judgment denying the injunctions as prayed for by plaintiffs. The plaintiffs have, therefore, prosecuted this appeal.
The plaintiffs own and operate a retail and wholesale milk plant in the City of Bogalusa, Louisiana. The only other retail and wholesale milk plant in Bogalusa is operated by defendant Stewart. Defendant is composed of a group of'dairy farmers in the vicinity of Bogalusa who, on or about March, 1950, formed and organized themselves into an association, known as Bogalusa Dairy Farmers Local No. 278.
Prior to the organization of the .local, a large, portion of the milk processed 'by plaintiffs’ plant was purchased from the farmers who are now members of the local. Subsequent to the formation of the local, the members thereof, in attempting to gain a larger price for their milk, made demand through the local upon plaintiffs and Stewart to pay them the New Orleans delivery price for Class 1 milk. As .a result of this demand, several meetings were held between the union, plaintiffs and Stewart, and as a result of these meetings it was finally agreed that plaintiffs and Stewart would pay such prices on a trial basis. Plaintiffs paid the union prices for a period of some' months but, finally, they found themselves unable to pay such prices and stay in business. Plaintiffs then informed the union that they would no longer pay the New Orleans delivery price for the milk but would thereafter pay the Franklinton delivery price, which is a few cents less per cwt. than the New Orleans, delivery price. Upon receiving such notice from plaintiffs, the local informed plaintiffs that they had requested the Central Trades & Labor Council to place plaintiffs’ dairy on the “unfair list”. As' a result thereof, a picket line was placed in front of plaintiffs’ place of business, advertisements were run in the local newspapers, and members of the union visited the customers of plaintiffs urging that they cease purchasing milk from plaintiffs. At approximately the same time, a contract was signed between the union and Stewart wherein Stewart agreed to purchase only from members of the local, at a stipulated price, and which contract contained the following paragraph: “C. A. Stewart agrees and obligates himself to operate a union plant within ninety (90) days from the date of this contract, to purchase all milk required for his plant from Local No. 278 and its respective members, provided said local and its members are able to supply his demands; C. A. Stewart also agrees that he will not accept milk from Producers who do not file for *321 membership in Local No. 278 within ninety (90) days from the effective date of this contract.”
Plaintiffs claim that, as a result of the union sanctions imposed against their business and the contract between the union and Stewart, which was greatly advertised in the local newspapers, they have been caused irreparable injury which is not com-pensable in damages and that they have no other relief than by injunction. They further claim that the contract between the union and Stewart creates a monopoly in restraint of trade and is thus contrary to the laws of this state. Bogalusa is admittedly a highly organized town, and there is no doubt that plaintiffs have lost many customers as a result of the action on the part of the union.
The union, on the other hand claims that their action in imposing sanctions against the plaintiff is a result of a bona fiae labor dispute, and that accordingly an injunction cannot issue under the Little Norris-La-Guardia Act of Louisiana. LSA-RS 23: 821 et seq. They further contend that the contract entered into between the union and Stewart is not contrary to the monopoly laws of Louisiana, and that, in the alternative, the said laws do not apply to farm products while in the hands of farmers.
In support of the union contention that their acts resulted from a labor dispute, they allege that for some period of time they had held meetings with plaintiffs and Stewart relative to organizing their places of business into union shops, and that the only reason why plaintiffs broke the agreement with the union was that they did not want their plant organized. Defendant further claims that the dairy farmers were employees of plaintiffs, that the picketing of union men was the result of a labor dispute within the meaning of the Little Norris-LaGuardia Act, and that therefore an injunction cannot issue herein.
The lower court found that the members of the union were employees of the plaintiffs and that, therefore, it was powerless to enjoin the acts of the union. .The, lower court further found the contract between Stewart and the union not to be in restraint of trade, and rendered judgment in favor of defendants. On the date plaintiffs moved for an appeal to this court, the union withdrew its picket lines from plaintiffs’ plant. They now seek a dismissal of this appeal on the grounds that the question is now a moot one.
Defendants have filed a motion seeking to have this appeal dismissed. Their grounds for dismissal is the fact that the picket lines have been withdrawn from in front of plaintiffs’ place of business and that the plaintiffs’ dairy has been removed from the “unfair list” and that therefore the question has become a moot one. In support of this said motion, they have filed with this court, affidavits by past officers of the local union to the effect that the picket lines have been withdrawn and plaintiffs’ names removed from the “unfair list”.
Therefore for the above and foregoing reasons, and from the facts as stated, this case is hereby remanded to the lower court for the purpose of receiving evidence as to whether the picket lines have been removed and whether the plaintiffs’ names have been removed from the said “unfair list”. Said evidence to be taken by the lower court and transmitted to us within 45 days from date hereof.