LOTTINGER, Judge.
The plaintiffs in this suit, five in number, alleging themselves to be property owners in the Town of Franklinton, brought suit against Nick Skermetta, owner of the Washington Parish Canning Company, seeking a preliminary injunction against him to enjoin the dumping of certain waste and refuse from his plant into- a certain stream known as Mile Branch. It is alleged in the petition that the residences of the plaintiffs are located in the immediate vicinity of the Mile Branch, which is a creek in the northern part of Franklinton. The defendant’s canning plant is alleged to be approximately one quarter of a mile west of the plaintiffs’ homes and some 200 feet south of the creek. The grounds upon which the injunction is sought is that in the operation of his canning plant the defendant allows the refuse and by-products of sweet potatoes, spinach, beans and other vegetables processed by him to be dumped into the creek, and that the deterioration of the refuse causes an obnoxious and offensive odor which menaces the health of the petitioners and destroys the peaceful enjoyment of their property. The petition concludes with a prayer for a permanent injunction and damages in the sum of $250 to each petitioner.
*763 The defendant first filed a plea to the jurisdiction of the court, and Exception of Prematurity, Exception of No Cause or Right of Action, Exception of Misjoinder of Parties Plaintiff and an Exception of Vagueness. These were all taken up, argued and briefs submitted, and overruled, the trial judge assigning written reasons for the ruling on each exception and plea. Subsequently the case was heard on the rule to show cause why a preliminary injunction should not issue. After quite a lengthy trial in which many persons testified the trial judge rendered judgment making the rule absolute and ordering that a preliminary writ of injunction issue against the defendant enjoining 'him from dumping the refuse from sweet potatoes only into the Mile Branch. From this judgment the defendant has perfected a suspensive appeal to this court.
After the appeal was lodged in this court, the defendant filed a motion seeking that the injunction be dissolved and, in the alternative, that the case be remanded, alleging the following facts:
“1. This defendant has been permitted by the Town of Franklinton to turn all waste matters, and especially sweet potato waste matter, into the sewer of the Town of Franklinton and this waste, particularly the sweet potato waste, is no longer emptied into the waters of Mile Branch and, therefore, no smell exists to annoy or injure plaintiffs which arises from the operation of the canning plant.
“2. Defendant Appellant has been making every possible effort to remedy as many of the objectionable features, if any, of his operations as he could under the existing conditions, both prior to and during the pendency of this action and he has, in fact, remedied all of the matters complained of and the interest of justice would be best served if the case were remanded to the District Court to allow proof of these allegations showing that the necessity for the injunction has been obviated.”
Attached to the motion of defendant were the affidavits of the defendant and two of his employees to the effect that he has been granted permission by the Town of Frank-linton to discharge all waste materials from his plant into the Town Sewerage System and that no waste matter from his plant now goes into Mile Branch. Also attached to the motion was the affidavit of one Harold T. Welch to the effect that he is purchasing and now living in the house William A. Settoon, one of the plaintiffs, and that although the defendant’s plant has been operating for the past month (sweet potato processing included) he and no one in his family have noticed any objectionable odor or offensive matter in the stream, and further all waste matter is now being turned into the Town of Franklinton’s sewerage system. Pursuant to a question by this court during oral argument defendant has filed also the affidavit of John H. Simmons, Alderman of the Town of Frank-linton, to the effect that the town has made available its sewerage system to the defendant who is now using same for the disposal of sweet potato refuse.
In view of the above mentioned motion and supporting affidavits, we think the interests of justice would best be served by remanding the case for the purpose of taking testimony relative to the facts alleged in the motion. See Borgnemouth Realty Co. v. Gulf Soap Corporation, 212 La. 57, 31 So.2d 488, 491, wherein the Supreme Court held as follows: “[5] However, since it appears that the defendant has been making every possible effort to remedy as many of the objectionable features of its operations as it could under existing conditions, both prior to and during the pend-ency of this action, and the defendant alleges in its motion filed here that all of the matters complained of have now been remedied, we think the interest of justice would be better served if the case were remanded to the lower court to allow proof of these allegations for, if they are true, the necessity for an injunction would be obviated.”
See also Delaughter v. Bogalusa Dairy Farmers Local 278, 52 So.2d 319, and, Id., 53 So.2d 282, wherein this court followed the same rule.
If it is true that the defendant, in this case, has in fact now remedied all of the matters complained of, as alleged in his motion, we do not see the necessity for the *764 injunction, as the defendant has obviated the necessity for the injunction by voluntarily correcting the evil complained of. Therefore, the case should be remanded to the lower court to allow proof of these allegations.
Therefore for the above and foregoing reasons the judgment appealed from is annulled and set aside and the case is remanded to the lower court, there to be further proceeded with in accordance with law and the views herein expressed. Costs of this appeal to be borne by plaintiffs.