DOMENGEAUX, Judge.
Multiple plaintiffs alleging to be owners, tenants or residents surrounding the property of defendant Louis Huppenbauer lo *627 cated at 1618 Annette Street in the City of New Orleans filed suit for a writ of injunction against defendant alleging that he is utilizing the property as a stable for horses and prayed that he be enjoined from so using it. They allege that the horses and the droppings and other leavings deposited by them have attracted various types of insects and vermin which infest the area, and have caused a stench and odor to permeate their houses which persists throughout the neighborhood. They suggest that this condition is such that it is a public nuisance in violation of Article 667 of the Louisiana Civil Code.
After hearing, the lower court ordered that a writ of injunction issue, permanently enjoining the defendant Louis Huppen-bauer, his agents, employees and all other persons, firms or corporations acting or claiming to act on his behalf, from operating a stable or keeping horses on the premises at 1618 Annette Street in the City of New Orleans. Defendant was granted a suspensive appeal.
We find from the evidence that the defendant is in the sightseeing business and uses colonial-type horse-drawn carriages in the French Quarter in the City of New Orleans for that purpose, and the horses used therefor are stabled at defendant’s aforementioned property at 1618 Annette Street which location is approximately one mile from the French Quarter. The individual horses are hitched to individual carriages and driven to the sightseeing area and after they have completed their tours in the French Quarter, are driven back to the stables where they are kept in livery until they are rehitched for the next day’s work.[1]
The various witnesses who testified indicated that the number of horses kept at defendant’s stable varies from time to time, from as few as five to as many as 18, inasmuch as the horses come and go. The trial Judge’s conclusion that from 10 to 16 horses are kept at said stables, appears to be an accurate estimate of the numbers involved. The property used by defendant as the stable area was purchased by him in July, 1968 and he immediately began stabling his horses on said property. The property has a narrow frontage on Annette Street of 32 feet which is used as a driveway and extends to the rear for 90 feet where it widens out to 64 feet by 100 feet, said widened area being approximately in the center of the city square. There are a number of stalls situated in the area measuring 65 feet by 100 feet. The immediate neighborhood is residential, most of the houses being of the single or double shotgun, row-type variety. The plaintiff Joseph Bechet resides at 1616 Annette Street immediately next to defendant’s stables; the plaintiff Warren Johnson resides at 1612 Annette Street, one house away; the plaintiff John Robicheaux resides at 1628 Annette Street, two doors from the stable’s gate.
The testimony indicates that, although, prior owners had generally used the property in question as a stable, there had never been such an accumulation of horses as is herein involved prior to the acquisition of the property by defendant in July, 1968.
The record contains testimony from officials of the Bureau of Public Health Sanitation of the City of New Orleans which indicates that two affidavits had been filed against defendant, one with respect to maintaining a harboring place for rats and permitting such conditions to remain, and the other with respect to the improper disposal of manure. These affidavits were filed in one of the Municipal Courts of the City of New Orleans and although the record is not completely clear on the question, presumably the affidavits were recalled by the City of New Orleans Health Department and dismissed after certain inspections were made, which resulted in the present suit being filed. Although the *628 ordinances of the City of New Orleans regulate the keeping of horses or stables, (City Code Chapter 7, § 7-7 and Chapter 29, articles 4 and 5), nevertheless we are not here concerned with whether or not defendant secured a permit from the city authorities for keeping horses (City Ordinance No. 2570, § 2), or whether or not the defendant has complied with the requirements of the City Code, supra, but only concerned with whether the defendant maintains a nuisance under Article 667 and the other applicable articles of the Louisiana Civil Code.
It would appear that defendant, at least after the aforementioned affidavits were filed against him, has made some effort to comply with the health regulations, but notwithstanding, we are impressed, as was the trial judge, that the presence of defendant’s horses in such numbers with the resulting continuous deposit of droppings, both solid and fluid, has caused the area to become a breeding place for flies and other insects, particularly the green horsefly type and has become a harboring place for rats. These conditions have further caused a stench and odor that inevitably results from such a condition, particularly in damp and rainy weather. In spite of reasonable cleaning and sweeping of the small area and the removal of manure daily, these conditions persist. It is evident also that during rains, the deposits accumulated on the surface of the ground wash out to the street, sidewalks and gutters fronting defendant’s property. The various plaintiffs and other witnesses testified to these conditions in glaring detail. There was also testimony by some of the plaintiffs that they and other members o.f their families have been bitten by large horseflies, the bite producing a stinging sensation with resultant itching and in some cases water blisters.
The Articles of our Civil Code applicable to the facts of this case are 666, 667, 668 and 669.[2] Generally they provide that although the owner of real property may do with it whatever he pleases, he cannot conduct operations upon same which will unreasonably inconvenience his neighbor in the enjoyment of his property.
We deem it appropriate at this point to set out the distinction between a “nuisance per se” and a “nuisance in fact.” A nuisance per se is an act, occupation or structure which is a nuisance at all times and under any circumstances regardless of location or surrounding. A nuisance in fact is one which becomes a nuisance by reason of particular circümstances and surroundings. See Borgnemouth Realty Co. v. Gulf Soap Corporation, 212 La. 57, 31 So.2d 488, Hutson v. Continental Oil Company, La.App., 136 So.2d 714; 66 C.J.S. Verbo Nuisances § 3, pp. 733-734.
Although no cases were cited to us, nor have we been able to find any jurispru *629 dence in which the maintaining of a horse or livery stable was declared to be a nuisance, in the old case of Board of Aidermen v. Norman, 51 La.Ann. 736, 25 So. 401 (1899), where from 100 to 150 cattle were kept in pens within the corporate limits, our Supreme Court in passing upon the legality of a city ordinance declared:
“Open cattle yards and pens, located and maintained, as these are, within the limits of an incorporated town, where cattle in numbers are kept for a long period of time, to be fed and fattened for market, belong, we think, to that class of things which ‘must necessarily’ become nuisances.”
Generally we find from the jurisprudence of other states that a stable is not a nuisance per se, but where it is maintained in close proximity to a residence in a residential section of a city and kept in such a condition that it is unsanitary and from which noxious and offensive odors arise and spread and diffuse themselves over the adjoining residential property it is such a nuisance as will sustain an action. The cases of Simonetti v. Carlton, 17 Ala. 105, 82 So. 553; Thomoson v. Sammon, 174.Ga. 751, 164 S.E. 45; Hall v. Carter, 157 S.W. 461 (Tex.Civ.App.); Parr v. Dunlap, 26 S.W.2d 1082 (Tex.Civ.App.) and City of Springdale v. Chandler, 222 Ark. 167, 257 S.W.2d 934, hold generally that a livery stable is not a nuisance per se but may become a nuisance by its method or manner of operation.
Under the facts in this case and based on the applicable Civil Code Articles referred to hereinabove, together with the jurisprudence both in this state and in our sister states we must conclude that the defendant’s use of the premises at 1618 Annette Street, as above described, though not a nuisance per se, is a nuisance in fact within the intent and definition of the law. Although it is conceivable that horses may in some instances be properly kept within the City of New Orleans in compliance with the applicable provisions of the City Code this is not one of those instances.
For the reasons assigned the decision appealed from is affirmed at appellant’s cost.
Affirmed.

. Although defendant’s sightseeing business is irrelevant to these injunctive proceedings, same is mentioned so as to describe defendant’s complete operations.

. Art. 666. The law imposes upon the proprietors various obligations towards one another, independent of all agreements ; and those are the obligations which are prescribed in the following articles.
Art. 667. Although a proprietor may do with his estate whatever he pleases, still he can not make any work on it, which may deprive his neighbor of the liberty of enjoying his own, or which may be the cause of any damage to him.
Art. 668. Although one be not at liberty to make any work by which his neighbor’s buildings may be damaged, yet every one has the liberty of doing on his own ground whatsoever he pleases, although it should occasion some inconvenience to his neighbor.
Tlius he who is not subject to any servitude originating from a particular agreement in that respect, may raise his house as high as lie pleases, although by such elevation he should darken the lights of his neighbors’s [neighbor’s] house, because this act occasions only an inconvenience, but not a real damage.
Art. 665). If the works or materials for any manufactory or other operation, cause an inconvenience to those in the same or in the neighboring houses, by diffusing smoke or nauseous smell, and there be no servitude established by which they are regulated, their sufferance must be determined by the rules of the police, or the customs of the place.