BARHAM, Justice
(dissenting).
The plaintiff here is seeking injunctive relief from the threat of explosion of four aboveground storage tanks filled with gasoline and Diesel fuel. The majority states that such storage does not constitute a nuisance per se, but then holds that the storage of the fuels on the defendant’s land creates a substantial hazard to the ad *393 joining property of the plaintiff and is a nuisance. I cannot agree with this conclusion based upon the evidence in this record, nor can I agree with the legal principles relied upon to determine the existence of a nuisance.
It was correctly stated in the Court of Appeal opinion that before a lawful business can be abated as a nuisance, it must be shown that it causes serious and material discomfort and inconvenience to those in close proximity. The majority here finds that the hazard “threatens the physical security of the Hilliard family and others lawfully upon the premises”, and that “the plaintiff cannot safely operate an automobile, truck, tractor, or even a power mower on his property within the danger zone”. These statements of factual conclusions are totally unsubstantiated by the. evidence. Nowhere is there any suggestion that the Hilliard family was not enjoying the full use of the property in every respect. Since it is readily concluded by the majority that the storage of such fuels in above-ground tanks is not the maintenance of a nuisance per se, then the evidence must establish the existence of an immediate hazard which constitutes a nuisance in fact. Proof of a nuisance in fact depends upon its location, the manner in which the act is conducted, and the other pertinent circumstances involved. Without such proof there can be no abatement of the activity complained of under a theory of nuisance. Borgnemouth Realty Co. v. Gulf Soap Corporation, 212 La. 57, 31 So.2d 488; Robichaux v. Huppenbauer, 258 La. 139, 245 So.2d 385.
There is not a scintilla of evidence in this record to support a subjective finding that the plaintiff has in fact been disturbed in any manner in the enjoyment of his estate or has even been inconvenienced; nor is there any evidence that a custom of the place or a police regulation would forbid the work as constructed. Yet it is this approach which is relied upon by the majority when it invokes Civil Code Article 669. That article provides:
“If the works or materials for any manufactory or other operation, cause an inconvenience to those in the same or in the neighboring houses, by diffusing smoke or nauseous smell, and there be no servitude established by which they are regulated, their sufferance must be determined by the rules of the police, or the customs of the place.”
While I am of the opinion that the phrase “other different inconveniences” should be read into that article (see my concurrence in Robichaux v. Huppenbauer, supra) so as to include the type of activity involved here, I find this article inapplicable since there is no proof in this record to support a finding of the existence of an insufferable inconvenience — a nuisance.
Although I conclude that plaintiff failed to establish factually and legally that these *395 tanks storing gasoline and Diesel fuel were a nuisance, I do not conclude that the plaintiff is not entitled to relief. I am of the opinion that relief should be granted in this case — not just partial relief as allowed by the majority, but total relief in the form of a permanent injunction prohibiting the defendant from storing gasoline and Diesel fuel in this manner at this particular location. The relief to which the plaintiff is entitled is provided by the rule of property announced in Article 667 of the Civil Code, reading as follows:
“Although a proprietor may do with his estate whatever he pleases, still he can not make any work on it, which may deprive his neighbor of the liberty of enjoying his own, or which may be the cause of any damage to him.” (Emphasis supplied.)
Under this rule of property there exists a servitude in favor of an estate upon the adjoining estate. Since the aboveground storage of gasoline-and Diesel fuel in these renovated oil storage tanks presents a substantial hazard which “may” deprive the plaintiff of the enjoyment of his land or “may” cause him damage, injunctive relief is warranted. The dominant estate ■ (here the plaintiff’s) has a right to require the servient estate- (the defendant’s) to remove any work which threatens the enjoyment of his land or threatens to cause him damage. The exercise of this servitude does not depend on the subjective test of whether the owner or. occupier of the .dominant estate is in fact disturbed in his use and enjoyment of his land, nor does it depend upon proof of actual damage. The only requirement is an objective finding of probability that the owner of the dominant estate may at some time be deprived of enjoyment of his property or suffer damage because of the work made upon the servient estate. In the case at hand the expert and other testimony clearly establishes the objective determination which entitles the plaintiff to relief.
Article 667 is a valuable rule of property which establishes a legal servitude prohibiting the making of works on the servient estate which may damage the dominant estate. Its provisions are modified only by the language of Article 668 which excepts those kinds of encroachments upon the full enjoyment of an estate that are mere inconveniences. Reymond v. State, Through Department of Highways, 255 La. 425, 231 So.2d 375. It protects from possible deprivation of or damage to^ a real right. Article 668 makes certain that the legal servitude of Article 667 protects only from a work which may occasion “real damage” and not from a work wjiich “occasions only an inconvenience”. Inconveniences are regulated by Article 669, and are to be determined according to ordinance or to the custom of the place. Unlike the abatement of these inconveniences, abatement of encroachments on the servitude established by Article 667 does not depend upon, neigh *397 borhood environment and practice or custom and regulations, but is mandated upon legal request.
Danger from fire and explosion which may be caused by the maintenance of a work on a neighboring estate is not a mere inconvenience. Just as excavations made upon the servient estate may be corrected before the land and the buildings of the dominant estate subside and fall, so may a work which threatens the dominant estate With fire and explosion be abated.
Like other servitudes, the servitude under Article 667, which confers the absolute right of abatement, may be lost by prescription. The timely exercise of the right of servitude such as plaintiff attempts here is therefore vitally necessary, for otherwise the dominant estate may later be relegated only to the remedies available under Article 669 after proof of subjective inconveniences which either ordinance or custom has established to be insufferable at that time and place and under the then existing circumstances.
In summation, this plaintiff has totally failed to establish that he has in any manner suffered inconvenience by reason of the inadequacies of the storage facilities on defendant’s land. The record is devoid of proof that plaintiff, his family, or his guests have at any time and in any way lacked full enjoyment of his property. Plaintiff does not complain that he desired and was unable to “operate an automobile, truck, tractor, or even a power mower * * * within the danger zone”. Plaintiff does not even complain that he or his family is psychologically, emotionally, or mentally disturbed because these works exist on neighboring property. One of the Court of Appeal judges on application for rehearing correctly appraised the only testimony offered as to the quality of a nuisance; “ * * * Plaintiff did not testify that these tanks interfered with his use of his property. * * * ” Since the plaintiff has not shown that he suffers from a nuisance, an insufferable inconvenience, I fail to see how he has established any right for relief under Article 669. Plaintiff does, however, have a right to immediate and full abatement of the encroachment upon his legal servitude under Article 667.
For these reasons I respectfully dissent, being of the opinion that the plaintiff is entitled to the full injunctive relief sought