LINDSAY, Judge.
The plaintiffs/homeowners appeal from a trial court judgment in their suit for injunc-tive relief and damages due to the noise from a motor speedway near their residences. They maintain that, under the trial court’s findings of fact, the court was required to award damages for their inconvenience. For the reasons assigned below, we reverse in part and affirm in part.

FACTS

In October of 1990, a group of 39 homeowners who resided near the Calhoun Motor Speedway in Calhoun, Louisiana, filed suit against the speedway and its insurer. [As the identity of the insurer was initially unknown, Western Heritage Insurance Company was later added to the suit.] Also named as a defendant was Mike Register, the president and sole stockholder of Calhoun Motor Speedway, Inc. However, he was eventually dismissed from the suit by summary judgment.
The plaintiffs alleged that the speedway was operated with utter disregard for the homeowners’ interests and constituted a nuisance. Specifically, the plaintiffs alleged that the loud speakers, race cars, and crowds produced a volume of noise and dust that damaged them and their livestock. The plaintiffs sought injunctive relief, as well as monetary damages.
A bench trial was held on May 11 and 12, 1992. Nineteen of the plaintiffs testified (one by stipulation) as to the noise, dust, mental anguish, and inconvenience caused to their families by the speedway.[1] They also presented the testimony of Eugene Tims, who was accepted as an expert in electrical engineering and, to a limited degree, in acoustics. Sound technician Kenton Pope testified about recordings he made at the homes of some of the plaintiffs to show the level of noise generated by the speedway.
The defendants presented the testimony of Michael Seidemann, an audiologist, and three area residents who testified that the noise from the track did not bother them. They also called Arlan Rawls, a member of the Ouachita Parish Police Jury who investigated complaints concerning the noise from the speedway.
In its written opinion, the trial court stated that the testimony demonstrated that motor speedways are “very noisy and dusty.” The trial court found that the plaintiffs were sincere in their complaints that they were unable to enjoy their homes while the speedway was operating. The court further found that many of the plaintiffs were persons of ordinary sensibilities in a normal state of health who were materially affected and discomforted by the operation of the speedway. In particular, the court found that the noise materially affected and inhibited the home life and ordinary activities of the adjoining landowners.
The trial court also found that the operation of the speedway initially created an “offensive and burdensome amount of dust.” *773 However, this problem had become less serious over time. Nonetheless, the court found that the present dust conditions created a burdensome annoyance and inconvenience requiring control.
The trial court enjoined the speedway from any activities which exceeded or violated the terms of Ouachita Parish Ordinance No. 8172. Specifically, the court prohibited the speedway from “producing any sound of 100 decibels within 15 feet of any adjacent dwelling or business where people are present during the hours of 6:00 a.m. to 10:00 p.m. and further is prohibited from producing any sound of 75 decibels within 15 feet of any adjacent dwelling or business where people are present during the period of 10:00 p.m. to 6:00 a.m.” The defendant was also ordered to take whatever steps were reasonably necessary to prevent the generation of an unreasonable amount of dust or other debris in the operation of the track facilities.
The trial court denied the plaintiffs’ claim for monetary damages, finding that they were only entitled to injunctive relief. In so ruling, the trial court expressed its belief that generally both an injunction and damages could not be granted in favor of the plaintiffs. The court held that while offended parties in some cases might be entitled to injunctive relief for future inconvenience, as well as proven damages under LSA-C.C. Art. 667 and 668, the plaintiffs in the present case had not proven any actual property value loss or any other actual monetary loss. Therefore, there was no basis for computation of damages. The court noted that it was aware of only one case, King v. Western Club, Inc., 587 So.2d 122 (La.App. 2d Cir. 1991), which mentioned an award of actual monetary damages in a “nuisance” situation.
The trial court also sustained Western Heritage’s special defense of lack of coverage based on an endorsement to its insurance policy which excluded all claims arising out of the operation of the racetrack.
Louisiana Racetrack Holding, Inc. (LRHI), which purchased the speedway while the ease was under advisement, filed a motion in the trial court asking to be allowed to intervene as a party defendant for the limited purposes of any appeal. (LRHI contractually agreed to be bound by any final nonappealable judgment rendered in the case.) The motion was granted.
The plaintiffs appealed the trial court’s failure to award monetary damages in their favor. No other party appealed or answered the appeal.

FAILURE TO APPEAL OR ANSWER APPEAL

In its brief, LRHI asserted that the trial court erred in finding that the speedway operation constituted a nuisance and in applying Ouachita Parish Ordinance No. 8172 to the present case. Thus, LRHI argued, the trial court erred in granting an injunction against the speedway. In response, the plaintiffs filed a motion to strike the brief on the basis that LRHI’s failure to appeal or answer the appeal precluded it from thereafter raising these issues. By an order dated April 29, 1993, this court denied the motion to strike as unnecessary; however, because LRHI failed to appeal or answer the appeal, we ruled that the portions of its brief whereby LRHI sought to modify, revise or reverse the trial court judgment would not be considered on appeal.
Because no party appealed or answered the appeal as to the propriety of the issuance of the injunction, that portion of the trial court judgment is now final. Therefore, the issues raised in LRHI’s brief are not properly before us and will not be addressed.

AWARD OF DAMAGES

The only issue presented in this appeal is whether the trial court erred in failing to award monetary damages in favor of any of the plaintiffs.
Calhoun Speedway argues that the trial court judgment refusing to award damages was not manifestly erroneous. It points out that less than half of the plaintiffs testified. Furthermore, it asserts that the testimony of these witnesses was brief and failed to recite their alleged damages in detail.
The speedway contends, however, that if any damages are awarded, they should be restricted to Christine and Charles Britton *774 and Clyde and Carolyn Gilbert, who live within 1,000 feet of the racetrack. It also argues that merely nominal damages should be awarded since the speedway was only operated 28 nights over a two-summer period, and that the cars raced for only an average of 53 minutes per night.
As previously noted, the trial court refused to award monetary damages because it believed that the granting of the injunction prohibited such an award. It further found that there was no basis in the record for computation of damages because the plaintiffs had not proven any loss in property value or any other actual monetary loss.
The jurisprudence has established the principle that in the discretion of the court compensatory damages may be awarded in lieu of injunctive relief. Freestate Industrial Development Company v. T. & H., Inc., 188 So.2d 746 (La.App. 2d Cir.1966); Moreland v. Acadian Mobile Homes Park, Inc., 313 So.2d 877 (La.App. 2d Cir.1975), writs denied, 319 So.2d 442, 443 (La.1975). Where substantial redress can be afforded by the payment of money, and issuance of an injunction would subject the defendant to grossly disproportionate hardship, equitable (or injunctive) relief may be denied although the nuisance is indisputable. City of Harrisonville, Mo., v. W.S. Dickey Clay Mfg. Co., 289 U.S. 334, 53 S.Ct. 602, 77 L.Ed. 1208 (1933).
However, parties seeking an injunction may be entitled to monetary damages for past acts, as well as injunctive relief to prevent future acts. See 42 Am.Jur.2d Injunctions § 305 (1969); 43A C.J.S. Injunctions § 238 (1978). See also McGee v. Yazoo & M.V.R. Co., 206 La. 121, 19 So.2d 21 (1944); Borgnemouth Realty Co. v. Gulf Soap Corporation, 212 La. 57, 31 So.2d 488, 491 (1947); Critney v. Goodyear Tire & Rubber Company, 353 So.2d 341 (La.App. 1st Cir.1977).
Eighteen of the plaintiffs actually testified; the parties also stipulated that the testimony of Louise Lirette would be the same as that of her husband, Gary Lirette. These witnesses related accounts of some degree of inconvenience and emotional distress as a result of the noise caused by the speedway on Friday nights during the summer. Most plaintiffs testified that the noise prevented them from enjoying their usual Friday night recreations, such as cooking outdoors, gardening, or playing basketball or baseball with their children. They also testified that the speedway’s activities caused traffic in the area to become congested at about 5 p.m. as patrons arrived for the races. After the crowds gathered at the speedway, the public address system would begin to loudly broadcast country western music and announcements. The races themselves would begin somewhere around 8 p.m. and last till about midnight, at which time another noisy traffic jam would occur as speedway patrons departed. Several landowners testified about large quantities of litter and garbage being left on their property.
These circumstances are sufficient to constitute a “nuisance” for some of the adjoining landowners. We believe the trial court erred in its decision to totally deny monetary relief for the defendant’s activities. However, our careful review of the testimony of the plaintiffs/landowners demonstrates that the complaints of only a few rose to a level justifying an award of damages.
We believe that damages should be awarded to the homeowners who live the closest to the track, i.e., Charles and Christine Britton and Carolyn and Clyde Gilbert. The evidence in the record demonstrates that these landowners have suffered genuine hardship and substantial emotional distress as a result of the noise from the track, as well as the dust caused by the racing cars. At their homes, the noises emanating from the speedway is especially loud, due to the track’s close proximity. The entrance to the speedway is located about 180 feet from the front door of the home of Charles and Christine Britton. Mr. Britton testified that the noise from the track even caused the glass shelves in their home to rattle. Carolyn and Clyde Gilbert also live directly across the road from the speedway. Both Mr. Britton and Mr. Gilbert described the “funnel cloud” of dust originating at the track that sweeps across their property. Neither family can sleep until after the races are over and the *775 crowds have departed; this is a particular problem for Mr. Gilbert, whose work requires him to arise at 5 a.m.
We find that an award of $1,000 per person will duly compensate these four parties for the inconvenience and distress caused by the operation of the speedway prior to the imposition of the injunction. See and compare King v. Western Club, Inc., supra, wherein each of the plaintiffs who lived close to a noisy after-hours club were awarded damages of $1,000.

CONCLUSION

Therefore, the judgment of the trial court is reversed in part to award damages of $1,000 per person to Charles Britton, Christine Britton, Carolyn Gilbert, and Clyde Gilbert. In all other respects, the judgment of the trial court is affirmed. Accordingly, judgment is rendered as follows:
IT IS HEREBY ORDERED, ADJUDGED AND DECREED that there be judgment in favor of Charles Britton, Christine Britton, Carolyn Gilbert, and Clyde Gilbert, and against the defendant, Calhoun Motor Speedway, Inc., in the amount of $1,000 per person, for a total amount of $4,000, plus legal interest thereon from date of judicial demand, until paid.
Costs are assessed against the appellees, Calhoun Motor Speedway, Inc., and Louisiana Racetrack Holding, Inc.
REVERSED IN PART, AFFIRMED IN PART.

. By the time of trial, the number of plaintiffs had risen to 41 homeowners.